UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CARLOS PALAGUACHI, ROBERT SANTIAGO, AHMED RADWAN, and WARREN PAYNE, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>UNITED PARCEL SERVICE, INC.,<br><br>      Defendant. | Case No. 1:25-cv-05548<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, Kings County, Index No.: 530162/2025 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO: CHIEF JUDGE AND JUDGES OF**
   **THE UNITED STATES DISTRICT COURT**
   **FOR THE EASTERN DISTRICT OF NEW YORK**

**ON NOTICE TO:**

 Tyrone A Blackburn, Esq.
 T.A. Blackburn Law, PLLC
 1242 E. 80th Street, 3rd Floor
 Brooklyn, New York 11236
 *Attorney for Plaintiffs*

 Hon. Nancy T. Sunshine, Clerk
 Clerk of the Supreme Court, Kings County
 Supreme Court Building
 360 Adams Street, Room 189
 Brooklyn, New York 11201

**HONORABLE JUDGES:**

  Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, *et seq.*, Defendant United Parcel Service,

Inc. ("UPS") by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files

1

this Notice of Removal with respect to the case identified as *Palaguachi, et al. v. United Parcel Service, Inc.*, Index No. 530162/2025, from the Supreme Court of the State of New York, Kings County, pursuant to the Class Action Fairness Act of 2005 ("CAFA"). For the purposes of this Notice of Removal only, UPS analyzes Plaintiffs' allegations in the underlying Demand for Jury Trial Class Action Complaint Under N.Y. C.P.L.R. Law § 901, dated September 3, 2025 ("Complaint") as though they are true; however, UPS denies such allegations, including, but not limited to, any and all allegations of illegal conduct and wrongdoing. In support of this Notice of Removal, UPS states as follows:

## I. TIMELINESS OF REMOVAL

1. On or about March 18, 2020, Plaintiffs Fari Murray, Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne filed a civil action against UPS in the U.S. District Court for the Eastern District of New York, entitled *Murray, et al. v. UPS, et al.*, Docket No. 2:20-cv-1427 (the "*Murray, et al.* Matter").

2. On October 26, 2023, the *Murray, et al.* Matter was dismissed without prejudice.

3. A true and correct copy of the *Murray, et al.* Matter's (a) Civil Cover Sheet; (b) Complaint; (c) Proof of Service; and (d) Order dismissing same are attached hereto as **Exhibit A**. The Fifth Amended Complaint was the final iteration of that pleading in the *Murray, et al.* Matter.

4. Pursuant to CPLR § 205(a), the *Murray, et al.* Matter's Plaintiffs had six months from October 26, 2023 (*i.e.*, until April 26, 2024) to refile and serve their claims.

5. On January 31, 2024, Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne (collectively, the "Moyle Defendants") filed a civil action against UPS in the Supreme Court of New York, Kings County, entitled *Moyle, et al. v. UPS*, Docket No. 503187/2024, later removed to the United States District

Court for the Eastern District of New York, Case No.1:24-cv-03880-LDH-LKE (the "*Moyle, et al.* Matter"). True and correct copies of the (a) Notice of Service of Process, (b) Summons, (c) Complaint, (d) Certificate of Merit, and (e) Attorney Verification, in the *Moyle, et al.* Matter are attached as **Exhibit B**.

6.     The Summons and Complaint filed in the *Moyle, et al*. Matter were not served on UPS until May 2, 2024, more than six (6) months after the dismissal of the *Murray, et al*. Matter.

7.     The *Moyle, et al.* Matter was dismissed by an Order of the District Court, dated August 20, 2025, granting Defendant UPS's Motion to Dismiss, with prejudice (the "Order"). A true and correct copy of the Order is attached as **Exhibit C**.

8.     On September 3, 2025, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, and Warren Payne (collectively, the "Named Plaintiffs"), all of whom were plaintiffs in both the *Murray, et al.* Matter and the *Moyle, et al.* Matter, filed the current civil action against UPS in the Supreme Court of New York, Kings County, entitled, *Palaguachi, et al. v. UPS*, Docket No. 530162/2025 (the "State Court Action"). The Named Plaintiffs purport to bring the State Court Action on behalf of themselves and others who they claim are similarly situated (the "Putative Class").

9.     The Summons and Complaint was served on UPS on September 4, 2025. True and correct copies of the (a) Summons, (b) Complaint, (c) Attorney Verification; and (d) Certificate of Service are attached hereto as **Exhibit D**.

10.    The documents attached as Exhibit D are the only process, pleading, or order known by UPS to have been served in the State Court Action.

11.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after UPS was served with the Summons and Complaint in the State Court Action.

## II. VENUE

12. The Supreme Court of New York, Kings County, is located within the U.S. District Court for the Eastern District of New York. Therefore, venue for the purposes of removal is proper in this venue under 28 U.S.C. § 1446(a) because the Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA SUBJECT MATTER JURISDICTION

13. This matter is a civil action within the meaning of the Acts of Congress relating to removal of causes.

14. As set forth below and in the Declarations of Neil Simon ("Simon Dec.") and Warren Pandiscia ("Pandiscia Dec.")[1], the claims alleged in the Complaint are all removable under CAFA, 28 U.S.C. § 1332(d), *et seq.* This action meets the requirements for removal under CAFA because the Putative Class exceeds 100 members, diversity of citizenship exists, the $5,000,000 amount in controversy requirement is satisfied, and none of the exceptions to CAFA apply.

### A. The Named Plaintiffs' Purported Class Action Consists of More Than 100 Putative Class Members

15. The Named Plaintiffs purport to bring this action on behalf of themselves and "all other delivery drivers employed by UPS in New York from January 28, 2018, through the present who have been similarly denied lawful wages and wage statements" (Complaint, at ¶ 6.) In their Complaint, the Named Plaintiffs allege that the Putative Class is "so numerous that joinder of all members is impracticable" and consists of "several thousand current and former drivers." (Id. at ¶¶ 25, 100.)

---

[1] The Court may consider matters outside of the Complaint when determining whether subject matter jurisdiction exists. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

16. The Named Plaintiffs later allege that UPS "cannot deny that they employ over one hundred (100) package delivery drivers in over twenty (20) locations throughout the State of New York," further alleging that they have worked in at least 4 of those locations, and that, therefore, they have personal knowledge that there are at least 400 other package delivery drivers. (Id. at ¶ 105.) Indeed, UPS has confirmed that there are more than 400 Service Providers assigned just to New York City work locations in each of the past ten years. (Pandiscia Dec. at ¶ 7.)

17. Based on Plaintiff's estimates regarding active and former Service Providers assigned to locations in New York, and UPS's confirmation of more than 400 active and former Service Providers assigned to locations in New York City alone for the past ten years, the aggregate number of Putative Class members easily exceeds 100 individuals, satisfying the requirement of 28 U.S.C. § 1332(d)(5)(B).

    **B.**     **Diversity of Citizenship Is Established**

18. The Named Plaintiffs—Palaguachi, Santiago, Radwan, and Payne—are all citizens of New York. (Complaint at ¶¶ 16-19.) UPS is a corporation incorporated under the laws of the State of Ohio, whose principal place of business is located in Atlanta, Georgia. (Simon Dec. at ¶¶ 3-4; Complaint at ¶ 21.) Accordingly, this action meets the diversity of citizenship requirements of CAFA because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

**C.**     **The Amount in Controversy Requirement Is Satisfied**

19. While the Named Plaintiffs' Prayer for Relief in the Complaint does not specify an amount sought as damages for each member of the Putative Class, the Named Plaintiffs estimate that there are "potentially over ten thousand (10,000) impacted drivers," implying that each has a claim to unpaid overtime. (Complaint at ¶ 103.) The Named Plaintiffs assert that they suffered underpayment exceeding 10 hours per week. (Id. at ¶ 109(g).) In a year-long period, that assertion

results in 520 hours of unpaid overtime per Putative Class Member. Service Providers at UPS are members of the International Brotherhood of Teamsters Union, and their wages are set by a collective bargaining agreement ("CBA"). (Pandiscia Dec. at ¶ 3.) Teamsters' Local No. 804 is the representative for New York City-based Service Providers, and their hourly wage rate is set forth in a supplemental CBA covering those workers. (Pandiscia Dec. at ¶ 4.) During the period from 2018-2023, the *starting* hourly, non-overtime rate for a brand new Service Provider under the CBA was no less than $21.00 per hour (with the highest rate for Service Providers with more years of service set at $40.37). (Pandiscia Dec. at ¶ 5, Ex. 1.) During the period from 2023 to 2028, the starting hourly non-overtime rate for a brand-new Service Provider under the CBA was no less than $23.00 per hour (with the highest rate for Service Providers with more years of service set at $41.52.) (Pandiscia Dec. at ¶ 6., Exs. 2-3)

20. Accordingly, overtime rates for the Putative Class members can reasonably be estimated at between $31.50 and $62.28 per hour (1.5 x $21.00, and 1.5 x $41.52). Using the lowest possible overtime rate of $31.50 per hour, and applying the Named Plaintiffs' assertion that at least 520 hours of overtime went unpaid each year, that amounts to $16,380 ($31.50 x 520 = $16,380) per year in unpaid overtime (minimum) for each Putative Class member (and likely much more, given that most Service Providers did not earn the starting wage rate, or earned it for, at most, one year of the class period). Accordingly, this estimate of the amount the Named Plaintiffs have put at issue is conservative. Accepting Named Plaintiffs' assertions that there are 10,000 Putative Class members, who are each owed at least $16,380 per year, and their intent to seek damages for the last 10 years, the Complaint puts at issue $1,638,000,000. Even if the Court only considers the last eight years since Plaintiff claims UPS started not to pay overtime wages, the

6

Named Plaintiffs have still put at issue an amount that satisfies the $5,000,000 jurisdictional amount under CAFA (10,000 x $16,380 x 8 = $1,310,400,000).

21. Accordingly, the amount in controversy in this matter far exceeds $5,000,000, thus meeting the amount in controversy requirement under the CAFA. 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exception Applies

22. CAFA contains jurisdictional exceptions, none of which apply to the present case. Cf. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) ("Congress enacted CAFA with the purpose of, *inter alia*, expanding the availability of diversity jurisdiction for class action lawsuits."). "Consistent with Congress's aim to interpret CAFA broadly, as reflected in the legislative history, all of CAFA's exceptions are to be interpreted narrowly." New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4, 581 F. Supp. 2d 581, 588 (S.D.N.Y. 2008) (citing legislative history). Having established that the general requirements of CAFA jurisdiction are satisfied, the Named Plaintiffs bear the burden of establishing that they are eligible for one of CAFA's exceptions as enumerated in 28 U.S.C. § 1332(d)(3)-(5). See Blockbuster, 472 F.3d at 58. The Named Plaintiffs cannot meet their burden to prove that any of CAFA's exceptions apply, should they seek to do so.

### 1. The "Local Controversy Exception" Under 28 U.S.C. § 1332(d)(4)(A) Does Not Apply; UPS Is Not a Citizen of New York.

23. The "Local Controversy Exception" does not apply to the present case because the Named Plaintiffs cannot meet each of the elements of this exception, including the requirement that at least one defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of New York State. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II).[2]

---

[2] 28 U.S.C. § 1332(d)(4) states that "[a] district court shall decline to exercise jurisdiction under [CAFA]":

24. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. Hertz Corp. v. Friend, 559 U.S. 77 (2010). Hertz confirmed that the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 1184. The Court further clarified the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." Id.

25. UPS is now, and was at the time of the filing of this action, a citizen of a state other than New York within the meaning of 28 U.S.C. § 1332(c)(1). Specifically, UPS, at the time this action was commenced, was (and is still is) incorporated under the laws of the State of Ohio, with its principal place of business in the State of Georgia. (Simon Dec. at ¶¶ 3-4.)

26. Thus, UPS was not and is not a citizen of the State of New York but, rather, is a citizen of the State of Ohio and/or the State of Georgia for the purpose of determining jurisdiction.

**2.   The "Home State Exception" Under 28 U.S.C. § 1332(d)(4)(B) Does Not Apply.**

---

(A)(i) over a class action in which--
    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
    (II) at least 1 defendant is a defendant--
        (aa) from whom significant relief is sought by members of the plaintiff class;
        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
        (cc) who is a citizen of the State in which the action was originally filed; and
    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

27. The "Home State Exception" does not apply to the State Court Action because UPS, the (only) "primary defendant[]," is not a citizen of New York. See 28 U.S.C. § 1332(d)(4)(B). In pertinent part and as applied here, the "Home State Exception" requires that *all* "primary defendants" be citizens of New York, where the State Court Action was filed. See id.; Hart v. Rick's NY Cabaret Int'l, Inc., 967 F. Supp. 2d 955, 967-68 (S.D.N.Y. 2014) ("For the exception to apply in this case, . . . the 'primary defendants' must have been citizens of New York."); Sorrentino v. ASN Roosevelt Ctr., LLC, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) ("Courts that have addressed the issues of primary and secondary defendants in the context of CAFA have defined the term 'primary defendants' as those parties that are directly liable to plaintiffs and secondary defendants as parties joined under theories of vicarious liability or for purposes or contribution or indemnification.") (internal citations omitted).

28. While UPS has facilities in New York, its contact with New York is no greater than its contact with any other State. See Hertz Corp., 559 S. Ct. at 1192 (finding corporation's principal place of business to be the "place where a corporation's officers direct, control, and coordinate the corporation's activities").

29. As discussed above and conceded by Named Plaintiffs, UPS is a corporation incorporated under the laws of the State of Ohio, with corporate headquarters in Atlanta, Georgia. (Simon Dec. at ¶¶ 3-4; Comp. at ¶ 21.)

30. Further, UPS's executive and administrative functions are centralized in Atlanta, Georgia, which houses its corporate headquarters. The executive officers responsible for directing, coordinating, and controlling the day-to-day management of UPS's business reside and work in Atlanta. (Simon Dec. at ¶ 4.)

31. UPS also maintains its corporate records and files in Atlanta, Georgia and holds

9

itself out to the public as maintaining corporate headquarters in Atlanta, Georgia. (Simon Dec. at ¶ 5.)

32. Because the locus of UPS's corporate and decision-making functions resides in Atlanta, there is complete diversity between UPS and the potential Class Plaintiffs.

### 3. The "Interests of Justice Exception" Under 28 U.S.C. § 1332(d)(3) Does Not Apply

33. As with the "Home State Exception" and the "Local Controversy Exception," the "Interests of Justice Exception" is inapplicable here because UPS, as the "primary defendant," is not a citizen of New York. See 28 U.S.C. § 1332(d)(3) ("A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercised jurisdiction under [Section 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of [6 factors]") (emphasis added).[3]

34. As established, UPS is the "primary defendant" in this action (indeed, it is the only defendant). Accordingly, the threshold citizenship requirement of 28 U.S.C. § 1332(d)(3) is not met and this discretionary exception is inapplicable to the State Court Action. See Romano v. SLS Residential, Inc., 812 F.Supp.2d 282, 289 (S.D.N.Y. 2011) (minimum requirements for "interests of justice" exception to CAFA jurisdiction not met because "primary defendant" was not citizen of New York).

---

[3] This Notice of Removal does not discuss the six factors because the threshold citizenship requirement of 28 U.S.C. § 1332(d)(3) has not been met.

## IV. PROCESS, PLEADINGS, AND ORDERS SERVED

35. The Summons, Complaint, and other initiating documents attached as **Exhibit D** herein represent all of the Process, Pleadings and Orders served on UPS in the State Court Action at the time of removal.

36. To date, UPS has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired.

37. In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon the Named Plaintiffs, and filed with the Clerk of the Supreme Court of the State of New York, Kings County.

## V. CONCLUSION

38. Because this civil action is between citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, UPS respectfully requests this Court exercise its removal jurisdiction over this action.

39. In the event this Court has a question regarding the propriety of this Notice, UPS requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

**WHEREFORE**, UPS respectfully requests that this Court take jurisdiction of this action pursuant to CAFA and issue all necessary orders and process to remove said action from the Supreme Court of New York, Kings County, to the U.S. District Court for the Eastern District of New York.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant United Parcel Service, Inc.*

By: */s/Leslie A. Lajewski*
    Leslie A. Lajewski, Esq.
    10 Madison Avenue, Suite 400
    Morristown, New Jersey 07960

Dated: October 2, 2025

## **CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to this action. On this date, I served a true copy of the attached:

## **NOTICE OF REMOVAL**

on the party listed below, via overnight mail and email, sent to Plaintiff's attorney of records at the last known address as follows:

> Tyrone A Blackburn, Esq.
> T.A. Blackburn Law, PLLC
> 1242 E. 80th St 3rd Floor
> Brooklyn, NY 11236
> *Attorney for Plaintiffs*

and, via overnight mail, upon:

> Hon. Nancy T. Sunshine
> Clerk of Supreme Court, Kings County
> Supreme Court Building
> 360 Adams Street, Room 189
> Brooklyn, New York 11201

I declare under penalty of perjury that the foregoing is true and correct.

> **OGLETREE, DEAKINS, NASH,**
> **SMOAK & STEWART, P.C.**
> *Attorneys for Defendant United Parcel Service, Inc.*
>
> By: */s/Leslie A. Lajewski*
>    Leslie A. Lajewski, Esq.
>    10 Madison Avenue, Suite 400
>    Morristown, New Jersey 07960

Dated: October 2, 2025