UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS PALAGUACHI,<br>ROBERT SANTIAGO,<br>AHMED RADWAN,<br>and<br>WARREN PAYNE,<br>*individually and on behalf of others similarly situated,*<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>UNITED PARCEL SERVICE, INC.,<br>　　　　　　　　　　　　Defendant. | Docket Number: 1:25-cv-05548<br><br>DECLARATION OF<br>TYRONE A. BLACKBURN, ESQ.<br>IN OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS |

I, Tyrone A. Blackburn, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the attorney of record for Plaintiffs Carlos Palaguachi, Robert Santiago, Ahmed Radwan, and Warren Payne in the above-captioned action. I am admitted to practice before this Court. I submit this declaration in opposition to Defendant's Motion to Dismiss and in support of the accompanying Memorandum of Law.

2. I have personal knowledge of the facts stated herein, except where stated on information and belief, and could testify competently to them if called as a witness.

**Prior Proceedings Before Judge Brodie**

3. On March 18, 2020, Plaintiffs commenced the First Court Action, *Murray v. United Parcel Service, Inc.*, No. 1:20-cv-01427-MKB-RER (E.D.N.Y.) (the "First Court Action").

4. Defendant moved to dismiss the First Court Action. After a full briefing, Chief Judge Margo K. Brodie issued a Memorandum and Order on September 25, 2022, denying Defendant's motion to dismiss as to Plaintiffs' New York Labor Law claims. Judge Brodie's fifty-eight-page decision addressed and rejected the same legal arguments Defendant raises

1

in the instant motion, including arguments concerning LMRA preemption, the Motor Carrier Act exemption, and the adequacy of Plaintiffs' wage and hour allegations.

5. Attached hereto as **Exhibit A** is a true and correct copy of the Memorandum and Order issued by Chief Judge Margo K. Brodie on September 25, 2022, in *Murray v. United Parcel Service, Inc.*, No. 1:20-cv-01427-MKB-RER (E.D.N.Y.).

6. The first court action was subsequently dismissed without prejudice on October 26, 2023, for reasons unrelated to the merits.

**The Second Court Action**

7. On January 31, 2024, Plaintiffs filed the Second Court Action, *Daniel Moyle et al. v. UPS*, Index No. 503187/2024, in the Supreme Court of the State of New York, Kings County. The claims asserted therein—arising from January 28, 2018, through January 31, 2024—were independently timely under the six-year statute of limitations applicable to New York Labor Law claims. See N.Y. Lab. Law § 198(3).

8. Plaintiffs served Defendant on May 2, 2024, within the 120-day service period permitted by CPLR § 306-b.

9. After the defendant removed the case to federal court, the Second Court Action was dismissed without prejudice on August 19, 2025.

**The Instant Action**

10. On September 3, 2025, Plaintiffs filed the instant action—within six months of the August 19, 2025, dismissal—pursuant to CPLR § 205(a). This is the first and only time Plaintiffs have invoked CPLR § 205(a) to preserve any claims in this litigation.

11. The claims asserted in this action are limited to those arising from January 28, 2018, through January 31, 2024—the same claims that were independently timely in the Second Court Action.

**Tumminia Decision**

12. On June 4, 2025, the Appellate Division, Second Department, issued its decision in *Tumminia v. Staten Island University Hospital*, 241 A.D.3d 17, 237 N.Y.S.3d 90 (2d Dep't 2025). The *Tumminia* decision addresses the successive application of CPLR § 205(a) and holds that the saving statute must be "liberally construed" to prevent the forfeiture of meritorious claims due to procedural dismissals.

13. Attached hereto as **Exhibit B** is a true and correct copy of *Tumminia v. Staten Island University Hospital*, 241 A.D.3d 17 (2d Dep't 2025).

14. I respectfully submit that the *Tumminia* decision supports Plaintiffs' position that CPLR § 205(a) properly preserves their claims following the dismissal of the Second Court Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 30, 2026

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Attorney for Plaintiff's
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236
Telephone: (347) 342-7432

Cc: all counsel of record via ecf