**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CARLOS PALAGUACHI, ROBERT :
SANTIAGO, AHMED RADWAN, and WARREN :   Case No.: 1:25-cv-05548-CHK
PAYNE, individually and on behalf of others :
similarly situated, :
:
                   Plaintiffs, :
:
-against- :
:
UNITED PARCEL SERVICE, INC., :
:
                   Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT UPS'S MOTION TO DISMISS**

                                        **OGLETREE, DEAKINS, NASH,**
                                        **SMOAK & STEWART, P.C.**
                                        10 Madison Avenue, Suite 400
                                        Morristown, New Jersey 07960
                                        Tel: (973) 656-1600
                                        Fax: (973) 656-1611
                                        *Attorneys for Defendant United Parcel*
                                        *Service, Inc.*

*On the Brief*:
Leslie A. Lajewski, Esq.

## **TABLE OF CONTENTS**

I.   PLAINTIFFS DO NOT RECEIVE THE BENEFIT OF CPLR § 205(A) AND ALL CLAIMS BASED ON ALLEGED VIOLATIONS OF THE LAW PRIOR TO SEPTEMBER 3, 2019 ARE TIME BARRED. ...............................................................1

II.  THERE IS NO DISPUTE THAT PLAINTIFFS EARNED MORE THAN MINIMUM WAGE AND THAT PLAINTIFFS' SPREAD-OF-HOURS CLAIM IS TIME BARRED. ..........................................................................................................4

III. PLAINTIFFS' CLAIM FOR OVERTIME AT ONE-AND-ONE-HALF THEIR REGULAR RATE OF PAY IS PRECLUDED BY 12 NYCRR 142-2.2. .......................7

IV.  PLAINTIFF'S LMRA SECTION 301 PREEMPTION ARGUMENT SHOULD BE STRIKEN AS IRRELEVANT TO THE MOTION AT HAND. ....................................8

V.   PLAINTIFF'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE COMPLAINT FILED IN *PEOPLE OF THE STATE OF NEW YORK V. UNITED PARCEL SERVICE, INC.* SHOULD BE DENIED. .........................................................8

CONCLUSION................................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page(s)**

*Baltimore S.S. Co. v. Phillips*,
   274 U.S. 316 (1927)......................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................6

*Biro v. Conde Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012).........................................................................9

*Cabrera v. Schafer*,
   178 F. Supp. 3d 69 (E.D.N.Y. 2016) ...........................................................................9

*Campos v. Quentin Mkt. Corp.*,
   No. 16-CV-05303, 2018 U.S. Dist. LEXIS 180972 (E.D.N.Y. Oct 17, 2018).............5

*Federated Dept. Stores, Inc. v Moitie*,
   452 U.S. 394 (1981)......................................................................................................4

*Gelb v. Mazzeo*,
   5 A.D.2d 10 (3rd Dep't 1957) ...................................................................................3, 4

*Global Network Communs., Inc., v. City of New York*,
   458 F.3d 150 (2d Cir. 2006).........................................................................................9

*Heras v. Metro Learning Inst.*,
   19-cv-2694 (DLI)(RML), 2021 U.S. Dist. LEXIS 3434 (E.D.N.Y. Jan. 7,
   2021) ........................................................................................................................4, 5

*In re Dorf & Co.*,
   274 F. Supp. 739 (S.D.N.Y. 1967) ..............................................................................3

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
   146 F.3d 66 (2d Cir. 1998).......................................................................................9, 10

*Matter of Allstate Ins. Co v. Williams*,
   29 A.D.3d 688 (2nd Dep't 2006).................................................................................3

*Mitchell v. National Broadcasting Co.*,
   553 F.2d 265 (2d Cir. 1977).........................................................................................3

*People of the State of New York v. United Parcel Service, Inc.*,
   Index No. 452766/2025 (Sup. Ct., New York) ..........................................................8

*People v. Jones*,
   73 N.Y.2d 427 (1989)................................................................................................10

*Ray v. Ray*,
  22 F.4th 69 (2d Cir. 2021)...................................................................................1, 2

*Reed v. Allen*,
  286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932)..................................................4

*Seenaraine v. Securities Sec. Servs. USA, Inc.*,
  37 A.D.3d 700 (2nd Dep't 2007)...............................................................................7

*Sosnowy v. A. Perri Farms, Inc.*,
  764 F. Supp. 2d 457 (E.D.N.Y. 2011) ...................................................................6, 7

*Tumminia v. Staten Island University Hospital*,
  237 N.Y.2.3d 90, 96 – 97 (2nd Dep't 2025)..........................................................1, 2

## Statutes

LMRA Section 301 ............................................................................................................8

Motor Carrier Act ..........................................................................................................7, 8

NY Labor Law ...................................................................................................................7

## Other Authorities

12 NYCRR 142-2.2 ........................................................................................................7, 8

CPLR § 205.........................................................................................................................1

CPLR § 205(a) ............................................................................................................ *passim*

Fed. R. Civ. P. 11................................................................................................................2

Fed. R. Civ. P. 12................................................................................................................8

Fed. R. Civ. P. 12(b)(6).......................................................................................................6

Fed. R. Civ. P. 12(c)............................................................................................................8

Fed. R. Civ. P. 56................................................................................................................8

Fed. R. Evid. 201 ................................................................................................................9

Fed. R. Evid. 401 ..............................................................................................................10

I. **PLAINTIFFS DO NOT RECEIVE THE BENEFIT OF CPLR § 205(A) AND ALL CLAIMS BASED ON ALLEGED VIOLATIONS OF THE LAW PRIOR TO SEPTEMBER 3, 2019 ARE TIME BARRED.**

Desperate to avoid the binding interpretations of CPLR § 205(a) under Federal (*Ray v. Ray*) and New York *(Tumminia v. Staten Island University Hospital)* law that prevent Plaintiffs from perpetually using CPLR § 205(a) to re-bring their time-barred claims, Plaintiffs ask this Court to (1) ignore the procedural history leading up to this action -- that the *Murray matter* was the first lawsuit filed by Plaintiffs that pleaded the same claims brought in *Palaguachi*, and (2) pretend that the second lawsuit filed by Plaintiffs (the *Moyle matter*) is, in fact, the first time the Plaintiffs have pleaded the claims brought in *Palaguachi*. According to Plaintiffs, if the *Moyle matter* is considered their "first" lawsuit, then this case does not run afoul of the Second Circuit's binding law (*Ray*) that a party cannot receive the benefit of CPLR § 205(a) more than once, or run afoul of New York law (*Tumminia*) that a break in the chain of timely CPLR § 205(a) filings prevents further filings from continuing to rely on CPLR § 205(a).

The glaring flaw with Plaintiffs' argument is that the *Moyle matter* is **not** Plaintiff's first lawsuit pleading these claims – the *Murray matter* is; a fact that Plaintiffs freely admit in not only the *Palaguachi* Complaint (Compl. ¶¶ 7 – 12) but in the *Moyle* Complaint as well. *See Moyle* Compl., attached to Lajewski Decl. (ECF Doc. 25-2), Ex. C, at ¶¶ 7 – 9 ("**Prior Filing**: [o]n or about March 18, 2020, this case [*Murray*] was filed in the Eastern District of New York, Case name and number: *Murray et al. v. UPS et al.*, 1:20-cv-1427 […] Pursuant to CPLR § 205, a claim for anything other than a voluntary discontinuance […] that is dismissed without prejudice may be refiled as a new action within six months of its dismissal, provided that it was timely when originally filed […] Here, the federal case [*Murray*] was timely filed, and this refiled New York State case [*Moyle*] is also timely filed…").

Plaintiffs' counsel also discussed this fact extensively during the Court's October 28, 2025

1

pre-motion conference before the Court. *See* Transcript of 10/28/25 conference, attached to concurrently filed Supplemental Declaration of Leslie A. Lajewski ("Lajewski Supp. Decl.), Ex. A, Tr. at 5:10-12 ("this case [*Palaguachi*] has been going on for a very, very long time through multiple different iterations"); 33:16-26 ("you're talking about the chain, right? So *Murray* was first, then *Moyle, et al.* and then now we are with *Palaguachi, et al.* as well … the same plaintiffs, same parties were in this case are the same parties that was present in the *Murray* case").[1] Thus, contrary to Plaintiffs' newest (baseless) argument, the *Murray matter* was Plaintiffs' first lawsuit pleading the claims raised in *Palaguachi*, the *Moyle matter* was Plaintiffs' second lawsuit, and the current case is Plaintiffs' third lawsuit.

As is fully briefed in UPS's Opening Brief, since Plaintiffs invoked CPLR § 205(a) when filing the *Moyle matter* to relate it back to the *Murray matter*, pursuant to Second Circuit law, Plaintiffs may not rely on CPLR § 205(a) a second time in this case, and the statute of limitations cannot be extended back to January 31, 2018 when the *Moyle matter* was filed. *See, e.g., Ray v. Ray*, 22 F.4th 69, 74 (2d Cir. 2021). Instead, the applicable statute of limitations runs from September 3, 2019, six-years from the filing of the *Palaguachi* Complaint on September 3, 2025.

Likewise, as is fully briefed in UPS's Opening Brief, since Plaintiffs invoked CPLR § 205(a) in the *Moyle matter* but failed to meet its six-month filing and service requirement, under New York law, Plaintiffs broke the chain of continuous timely re-filings required to invoke CPLR § 205(a) in this case, and the statute of limitations cannot be extended back to January 31, 2018. *See Tumminia v. Staten Island University Hospital*, 237 N.Y.2.3d 90, 96 – 97 (2nd Dep't 2025); *see also* Lajewski Supp. Decl., Ex. A, Tr. at 9:3-4 ("Mr. Blackburn: *Moyle et al.* was dismissed as

---

[1] For Plaintiffs and counsel to now take such a blatant contradictory position from their prior admissions and representations to the Court smacks of bad faith and further supports UPS's position that Plaintiffs and their counsel have run afoul of Rule 11 in filing this Complaint and refusing to dismiss their time-barred claims.

2

untimely under [CPLR §] 205"). Accordingly, under New York law, the applicable statute of limitations runs from September 3, 2019 forward, six-years from the filing of the *Palaguachi* Complaint on September 3, 2025.

Because Plaintiffs Palaguachi, Radwan and Wayne all left UPS's employ before September of 2019, any claims they have are facially time-barred, and should be dismissed. Similarly, any claims prior to September 3, 2019, on behalf of Plaintiff Santiago or the putative class are time-barred and should be dismissed.

As an alternative argument, Plaintiffs contend that the claims raised in the *Moyle matter* were timely at the time the *Moyle matter* was filed, therefore, they should not be precluded from using CPLR § 205(a) to extend their otherwise time-barred claims now. The flaw with this argument is that the Court dismissed the *Moyle* matter on the grounds that Plaintiffs' Complaint, in totality, was untimely. While Plaintiffs may believe that the finding was erroneous, *res judicata* prevents Plaintiffs from relitigating whether the *Moyle matter*, or any of the claims contained therein, was timely or not. See *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 271 (2d Cir. 1977) (Holding that "[t]he doctrine of *res judicata* does not depend on whether the prior judgment was free from error. Otherwise, judgments would have no finality and the core rationale of the rule of *res judicata* – repose – would cease to exist."); *In re Dorf & Co.,* 274 F. Supp. 739, 750 (S.D.N.Y. 1967) ("Even if we accept the proposition urged by the Trustee that Justice Markewich's decisions and order were based on errors of fact and law, they nevertheless represent an adjudication of the issue that is *res judicata* as to the Trustee and precludes him from relitigating it here."); see also *Matter of Allstate Ins. Co v. Williams*, 29 A.D.3d 688, 690 (2nd Dep't 2006) ("[t]he policy against relitigation of adjudicated disputes is strong enough to bar a second action or proceeding even when further investigation indicates that the prior determination was erroneously made, whether due to the parties' overside or court error."); *Gelb v. Mazzeo*, 5 A.D.2d

3

10, 11 (3rd Dep't 1957) (finding that the judgment of dismissal in the first cause of action was "clearly erroneous" but that "[d]espite this, the doctrine of *res judicata* applies.") As explained clearly by the United States Supreme Court:

> As this Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927), an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of *res judicata*.... ***A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].***" We have observed that "[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." *Reed v. Allen*, 286 U.S. 191, 201, 52 S.Ct. 532, 534, 76 L.Ed. 1054 (1932).

*Federated Dept. Stores, Inc. v Moitie*, 452 U.S. 394, 398-99 (1981) (bold supplied).

The *Moyle* Court adjudicated whether Plaintiffs' claims were timely; it found that the *Moyle* Complaint was not timely pursuant to CPLR § 205(a) and dismissed it. Had that decision been erroneous, then Plaintiffs were required to appeal it to obtain relief. Plaintiffs failed to do so, thereby making the decision binding under the principals of *res judicata*. UPS is entitled to rely on that determination, and Plaintiffs cannot now argue that their claims in the *Moyle matter* were timely filed or that the instant case receives the benefit of CPLR § 205(a).

## II. THERE IS NO DISPUTE THAT PLAINTIFFS EARNED MORE THAN MINIMUM WAGE AND THAT PLAINTIFFS' SPREAD-OF-HOURS CLAIM IS TIME BARRED.

Plaintiffs argue that the court in *Heras v. Metro Learning Inst.*, 19-cv-2694 (DLI)(RML), 2021 U.S. Dist. LEXIS 3434 (E.D.N.Y. Jan. 7, 2021) "found that the plaintiff 'adequately has pled a spread of hours claim at least for a portion of the time of her employment' because minimum wage rates changed during the employment period." (Pl. Br. p. 13.) Plaintiffs contend that the "same analysis applies here, where minimum wages increased multiple times during the class period." (*Id.*) This argument grossly misrepresents the *Heras* decision.

4

In *Heras*, the defendants conceded that, during the plaintiff's employment, the minimum wage increased above what the plaintiff was being paid per hour. Based on this concession, the *Heras* court held that the plaintiff was paid less than minimum wage during at least some portion of her employment and could maintain a claim for spread-of-hours for that time period. *Heras*, 2021 U.S. Dist. LEXIS 3434 at *18. *Heras* is clearly inapposite to the instant lawsuit where, at all times and pursuant to the Master Agreement and Supplement CBAs, Plaintiffs and the putative class of delivery drivers earned an hourly rate higher than New York's minimum hourly wage – regardless of any increases in the State minimum wage rate. (*See* UPS Opening Br. p. 6.)

While Plaintiffs also argue that their spread-of-hours claim "is a fact-intensive inquiry inappropriate for resolution on a motion to dismiss," the Plaintiffs "do not oppose judicial notice of the Master Collective Bargaining Agreements [or] the New York State minimum wage rates." (Pl. Br. p. 21.) Those two records obviate the need for any "fact-intensive inquiry" because they clearly indicate that, at all relevant times, Plaintiffs and the putative class earned a minimum hourly rate above the New York minimum wage. "The NYLL's spread of hours provision applies ***only*** to employees who earn minimum wage or less." *Heras*, 2021 U.S. Dist. LEXIS 3434 at *18. Since Plaintiffs' and the putative class's rate of pay exceeded the minimum wage for the entire period in question, they cannot maintain a spread of hours claim under the NYLL. *See Campos v. Quentin Mkt. Corp.,* No. 16-CV-05303, 2018 U.S. Dist. LEXIS 180972, at *13 (E.D.N.Y. Oct 17, 2018) (Finding that because plaintiff's "rate of pay exceeded the minimum wage for the entire period in question, … [he] is not entitled to spread of hours pay under the NYLL.")

Finally, Plaintiffs speculate that, if they succeed on their "failure to pay for all hours worked" claim, the Court will need to recalculate their weekly pay by dividing what they were paid per week by the newly determined hours they worked. According to Plaintiffs, after doing this, it is possible that during some week(s) their hourly rate could possibly drop below minimum

5

wage, which would then allow them to raise a claim for spread-of-hours pay if they worked more than 10 hours on any given day during that week. (Pl. Br. pp 13-14.)

To survive a Rule 12(b)(6) motion, a plaintiff must plead facts adequate "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) As the Supreme Court explained in *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusion." The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiffs' argument is nothing more than labels, conclusion, and speculation, and does not meet Plaintiffs' obligation to allege facts that, if true, would state a claim for relief that is plausible on its face. Indeed, Plaintiffs' argument is just that – an argument raised by counsel in Plaintiffs' opposition to UPS's Motion to Dismiss. None of the allegations contained in the Opposition brief are contained in the Complaint. In fact, the only allegations contained in the Complaint relevant to or bearing on Plaintiffs' spread-of-hours claim are the allegations that:

> "many Class Members start work between 7 a.m. and 9 a.m. and punch out between 10 p.m. and 11 p.m., which amounts to working up to sixteen (16) hours per day at times" (Compl., ¶ 42.a.);

> "Plaintiffs and the Class worked anywhere from an average of ten (10) to sixteen (16) hours a day" (Compl., ¶ 42.a.);

> Plaintiffs' "daily shifts often last[ed] from 8:00 am until 11:00 pm, Sunday through Friday" (Compl., ¶¶ 54, 64, 75, 85); and

> the question posed in The First Cause of Action: "Whether Defendants properly paid Plaintiffs and Class Members for all the spread of hours' premiums earned for workdays exceeding ten (10) hours" (Compl., ¶ 109).

Given that the entire putative class earned more than minimum wage pursuant to the Master Agreement and Supplemental CBAs, these barebone conclusory allegations do not state a claim upon which relief may be granted. *See, e.g., Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 474 (E.D.N.Y. 2011) (Dismissing claim for spread-of-hours on defendant's motion to dismiss

where plaintiff did not plead that he was paid minimum wage but rather that he was "paid on an hourly basis at a certain rate of pay," and there was no allegations or facts in the Complaint from which the Court could infer that plaintiff's rate of pay would entitle him to spread-of-hours payments); *Seenaraine v. Securities Sec. Servs. USA, Inc*., 37 A.D.3d 700, 701 (2nd Dep't 2007) (Dismissing claim for spread-of-hours on defendant's motion to dismiss where employer provided payroll records that demonstrated that plaintiff was paid more than minimum wage despite plaintiff's claim that he was owed spread-of-hours compensation).

### III.  PLAINTIFFS' CLAIM FOR OVERTIME AT ONE-AND-ONE-HALF THEIR REGULAR RATE OF PAY IS PRECLUDED BY 12 NYCRR 142-2.2.

With no evidentiary support or citations, Plaintiffs argue that the *Murray* court ruled that "the [Federal] Motor Carrier Act exemption does not defeat Plaintiffs' state law claims" (Pl. Br. p. 7), therefore, UPS's motion to dismiss Plaintiff's NY Labor Law overtime claim should be denied. (Pl. Br. p. 9).[2] As Plaintiffs and their counsel are fully aware, the *Murray* court not only made no such finding; the court was never even presented with that argument. (*See* Lajewski Supp. Dec., Exs. J, K, and I, at ECF Doc. No. 25-2).

Also without any legal support, Plaintiffs argue that even if the Motor Carrier Act applies, the "regulation" establishes "a minimum floor – not a ceiling – on overtime compensation" and "does not prohibit payment at a higher rate." (Pl. Br. p. 15). Based on this self-serving statement, Plaintiffs argue that they can proceed with their claim for overtime at their *regular rate of pay*. A simple reading of 12 NYCRR 142-2.2 disposes of Plaintiff's argument. It states, in pertinent part:

> …an employer shall pay employees subject to the exemption of section 13 of the Fair Labor Standards Act, as amended [i.e., the Motor Carrier Act]…overtime at a wage rate of one and one-half times **the basic minimum hourly rate.** (Emphasis added).

---

[2] It should not be lost on the Court that while claiming that the Court should ignore the *Murray matter* in its entirety when determining the applicability (or lack thereof) of CPLR § 205(a) to Plaintiff's Complaint, Plaintiffs simultaneously argue that the Court should look to and rely on the Court's rulings in the *Murray matter* to deny UPS's motion to dismiss on Plaintiffs' overtime claim.

7

Thus, contrary to Plaintiffs' claim, 12 NYCRR 142-2.2 sets a ceiling on the hourly rate to be used to determine overtime compensation for employees such as Plaintiffs and the putative class, who are subject to the Motor Carrier Act exemption. Accordingly, Plaintiffs' claim for overtime at Plaintiffs' *regular rate of pay* is barred as a matter of law.

### IV. PLAINTIFF'S LMRA SECTION 301 PREEMPTION ARGUMENT SHOULD BE STRIKEN AS IRRELEVANT TO THE MOTION AT HAND.

Plaintiffs spend considerable time arguing that their claims are not pre-empted by Section 301 of the LMRA. Those arguments are irrelevant because UPS did not move to dismiss Plaintiffs' Complaint based on LMRA preemption. Those portions of Plaintiffs' opposition (Pl. Br. pp. 15 – 20) should be stricken. That notwithstanding, UPS does reserve its right to raise LMRA preemption as an affirmative defense at the time UPS files its Answer to what remains viable in the Complaint following the Court's decision on UPS's Motion to Dismiss, as is allowed by Fed. R. Civ. P. 12. It also reserves its right to move later in this case to dismiss the lawsuit in its entirely based on LMRA pre-emption, as is allowed by Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 56.

### V. PLAINTIFF'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE COMPLAINT FILED IN *PEOPLE OF THE STATE OF NEW YORK V. UNITED PARCEL SERVICE, INC.* SHOULD BE DENIED.

Plaintiffs request that the Court take judicial notice of the Complaint filed in *People of the State of New York v. United Parcel Service, Inc.,* Index No. 452766/2025 (Sup. Ct., New York), removed to the Southern District of New York, Docket No. 1:26-cv-341-VSB ("*NYAG Complaint*"), because the *NYAG Complaint* is professedly "powerful evidence that Plaintiffs' allegations are not isolated grievances but reflect a company-wide pattern and practice of wage theft." Plaintiff requests that the Court consider the *NYAG Complaint* "as further evidence that Plaintiffs' claims have merit and that Defendant's motion to dismiss must be denied." (*See* ECF Doc. # 34, Pl. Request for Judicial Notice, p. 3.) Plaintiffs' Request is baseless and must be denied.

8

First, the Second Circuit has made clear that "[a] court may take judicial notice of a document filed in another case **not for the truth of the matters asserted in the other litigation**, but rather to establish the fact of such litigation and related filings." *Global Network Communs., Inc., v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006), *citing Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) (emphasis added); *see also Cabrera v. Schafer,* 178 F. Supp. 3d 69 (E.D.N.Y. 2016) (same); *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 455 (S.D.N.Y. 2012) (same). Here, Plaintiffs request the Court to rely upon the *NYAG Complaint*'s allegations as evidence and facts to support the merits of Plaintiffs' claims and to defeat the merits of UPS's motion to dismiss. This is exactly the kind of information of which a court cannot take judicial notice. *See Global Network.,* 458 F.3d at 157 (Reversing and remanding case where the district court took judicial notice of extraneous documents "not to establish their existence, but rather to provide the reasoned basis for the [district] court's conclusion.").

Second, pursuant to Fed. R. Evid. 201, judicial notice may only be used to take notice of a fact (not an allegation) that is not subject to a reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Here, the allegations and assertions in the *NYAG Complaint* are not facts (or evidence as Plaintiffs claim). Nor are they facts "not subject to a reasonable dispute," particularly as UPS vehemently denies the allegations of the *NYAG Complaint* and has filed a motion to dismiss. (*See* S.D.N.Y. Docket No. 1:26-cv-341-VSB, ECF Docs 19 to 21.) Plaintiffs' argument appears to be that the New York Attorney General is a source whose accuracy cannot reasonably be questioned and, as such, the allegations contained in the *NYAG Complaint* must be taken as true for purposes of Plaintiffs' claim. The mere fact that the NYAG is the "source" of the *NYAG Complaint* does not make the allegations contained in that complaint factual or accurate. Nor can it be said that the NYAG is a reliable unimpeachable source that cannot be questioned with regard to the veracity

9

of the allegations in the *NYAG Complaint* regarding UPS and how it pays its seasonal employees. *See e.g., Int'l Star Class Yacht Racing Ass'n,* 146 F3d 70 - 71 ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."); *People v. Jones*, 73 N.Y.2d 427 (1989) (Finding facts sought to be taken on judicial notice must be "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.")

Third, the *NYAG Complaint* has no bearing on the instant matter that would support judicial notice of it. None of the *Palaguachi* Plaintiffs are parties in interest in the *NYAG Complaint*. The *NYAG Complaint* relates to seasonal part-time employees who work at UPS from October to January in a given year, whereas the instant matter concerns Plaintiffs and the putative class in their position as full-time package. The *NYAG Complaint* does not have a tendency to make a fact more or less probable and is not a fact of consequence in determining the action. *See* Fed. R. Evid. 401. The sole purpose of Plaintiffs' request for judicial notice is to create bias against UPS and to unfairly prejudice UPS in this case. This is not a proper use of a request for judicial notice, and Plaintiffs' request should be denied.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in UPS's Opening Memorandum of Law, UPS respectfully requests that its motion be granted, and that (1) Plaintiffs Palaguachi, Radwan and Payne be dismissed as parties to this suit, with prejudice, and that judgment on their claims be entered in UPS's favor at such time is appropriate; (2) all claims for the time period prior to September 3, 2019, be dismissed in their entirety, with prejudice; (3) the putative class period be limited to claims arising on or after September 3, 2019; (4) the spread-of-hours claim be dismissed, with prejudice; (5) the overtime at one and one-half the regular rate of pay claim be

dismissed, with prejudice; and (6) Plaintiffs' request for judicial notice of the *NYAG Complaint* be denied.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
|  | *Attorneys for Defendant United Parcel Service, Inc.* |
| By: | */s/ Leslie A. Lajewski* |
|  | Leslie A. Lajewski, Esq. |
|  | 10 Madison Avenue, Suite 400 |
|  | Morristown, New Jersey 07960 |
|  | Phone: (973) 656-1600 |
|  | Fax: (973) 656-1611 |
| Dated: February 17, 2026 | leslie.lajewski@ogletree.com |