**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

Leslie A. Lajewski
(973) 630-2322
leslie.lajewski@ogletree.com

September 8, 2026

The Honorable Clay H. Kaminsky, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: *Palaguachi, et al. v. United Parcel Service, Inc.***
**Case No.: 1:25-cv-05548-CHK**

Judge Kaminsky:

UPS submits this letter in response to Plaintiffs' "Notice of Supplemental Authority in Further Opposition to Defendant's Motion to Dismiss" (the "Letter"). [D.E. 44]. Having only addressed issues fully briefed in the parties' prior filings, the Letter is merely an unauthorized sur-reply.

Plaintiffs contend that UPS has "admitted" in a reply brief that UPS filed to dismiss a different matter, *People v. UPS*, Case No.:1:26-cv-00341-VSB (the "*NYAG* Matter"), that the Plaintiffs in the 2020 case *Murray v. United Parcel Service, Inc.*, 1:20-cv-1427-MKB (the "*Murray* Matter") were "not required to 'punch in or punch out.'" Therefore, Plaintiffs argue that this Court should (1) "treat the Teamsters Master Agreements as dispositive of Plaintiffs' spread-of-hours and overtime claims" and (2) consider this language when ruling on the Motion to Dismiss.

Plaintiffs mischaracterizes UPS's *NYAG* Matter reply brief, which does not "admit" anything about the claims in the *Murray* Matter or the Complaint here. Rather, the brief distinguished the *Murray* Matter from the *NYAG* Matter based on Judge Brodie's recitation of the *Murray* plaintiffs' *allegations* that:

> Murray and other on-road supervisors were also required to work beyond their allotted DOT hours, however, on-road supervisors are not required to "punch in or punch out," and therefore, their DOT hours are untraceable. (SAC ¶¶ 69–71.) On-road supervisors also often work fifteen to eighteen hour shifts. (*Id.* ¶ 71.)

The point of the distinction is that the *Murray* plaintiffs were on-road supervisors who alleged they *did not* need to punch in or out on a timeclock. By contrast, the *NYAG* Matter *does* involve timeclock entries which directly implicates CBA provisions that govern when compensable time begins and ends. Plaintiffs' counsel, who represented the *Murray* Plaintiffs, knows that UPS has consistently represented that litigations involving CBA-governed timekeeping policies and timeclock entries (including the *Murray* and *NYAG* Matters) require CBA interpretation. Regardless, as UPS made clear in its reply brief for the Motion to Dismiss, UPS did not move to dismiss Plaintiffs' Complaint based on pre-emption under Section 301 of the LMRA, making the arguments made in the Letter wholly irrelevant to the Motion to Dismiss.

Finally, for the reasons set forth in UPS's reply brief, UPS's filings in the *NYAG* Matter cannot be used for the benefit of this case. Second Circuit caselaw prohibits the Court from taking judicial notice of a document filed in a different case for the truth of the matter asserted therein. [D.E. 38 at 8-10.] As such, Plaintiffs' attempts to introduce information from UPS's filings in the *NYAG* Matter cannot be accorded judicial notice.

Plaintiffs' efforts are the latest in a series of harassing and dilatory actions taken by Plaintiffs and their counsel designed to malign UPS and distract the Court from the fact that their claims should be dismissed as untimely. Given this bad faith, the Letter should be considered a further violation of F.R.C.P. 11 by Plaintiffs and their counsel.

Respectfully submitted,

*/s/Leslie A. Lajewski*

Leslie A. Lajewski

cc: Tyrone A. Blackburn, Esq. via ECF