UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS PALAGUACHI, ROBERT SANTIAGO, AHMED RADWAN, and WARREN PAYNE, individually and on behalf of others similarly situated,

Plaintiffs,

-versus-

UNITED PARCEL SERVICE, INC.,

Defendant.

**MEMORANDUM AND ORDER**

25-CV-5548 (CHK)

CLAY H. KAMINSKY, United States Magistrate Judge:

Plaintiffs, former delivery drivers for Defendant United Parcel Service ("UPS"), commenced this putative class action against it in New York Supreme Court, Kings County, alleging violations of the New York Labor Law ("NYLL"). Defendant removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

Before the Court is Defendant's Motion to Dismiss all claims in the complaint, except for certain claims made by Plaintiff Robert Santiago, as untimely, and to dismiss two of Santiago's NYLL claims for failure to state a claim. ECF No. 25. For the reasons that follow, UPS's Motion is granted with respect to the statute of limitations and denied otherwise.

## BACKGROUND

This is the third in a series of class actions brought on behalf of UPS delivery drivers and litigated in this District Court by the same counsel for both Plaintiffs and Defendant. The first action, *Murray et al. v. UPS, et al.*, No. 20-CV-1427, was filed directly in this District Court. Plaintiffs originally asserted claims under the Fair Labor Standards Act ("FLSA") and the NYLL. After they amended their claims multiple times, eventually deleting their FLSA claims, the court dismissed the first action without prejudice for lack of federal subject matter jurisdiction. *See Murray*, No. 20-CV-1427, Docket Entry 101. The first action was filed on March 18, 2020 and dismissed without prejudice on October 26, 2023.

The second action, *Moyle et al v. United Parcel Services, Inc.*, No. 24-CV-3880, asserted claims under the NYLL going back through April 2014. *Moyle*, No. 24-CV-3880, Compl., Docket Entry 1-2, ¶¶ 2–3. The complaint in the second action was dated January 28, 2024, and filed in Kings County Supreme Court three days later, on January 31, 2024, before being removed to this District Court pursuant to CAFA. *See generally Moyle*, 24-CV-3880, Docket Entry 1. Plaintiffs sought to relate the second action back to the first action for the purposes of the NYLL's six-year statute of limitations by invoking New York's "saving statute," Civil Practice Law and Rules ("CPLR") § 205(a). *See Moyle*, No. 24-CV-3880, Compl. ¶¶ 7–9. Plaintiffs were unable to obtain the benefit of § 205(a), however, because they did not serve UPS with the complaint in the second action within six months of the dismissal of the first action. *See* CPLR § 205(a) (conditioning application on the requirement that "service upon

defendant is effected within such six-month period"). Upon UPS's application, the court found that this late service rendered the second action time barred and dismissed the second action *in toto*. *See Moyle*, No. 24-CV-3880, 05/19/2025 Minute Entry and Order; 08/19/2025 Order.

The instant, third action was filed in Kings County Supreme Court on September 3, 2025 and subsequently removed to this Court pursuant to CAFA. *See* ECF No. 1. The named plaintiffs are Carlos Palaguachi, who was employed as a delivery driver from approximately October 2017 until May 2018; Warren Payne, employed approximately from August 2017 until June 2018; Robert Santiago, employed from approximately April 7, 2014 until October 18, 2020; and Ahmed Radwan, employed from approximately July 2018 until October 1, 2018. Compl., ECF No. 1-4, ¶¶ 16–19. The class claims are alleged to accrue from January 28, 2018, until the date of final judgment in this matter. *Id.* ¶¶ 3–4, 24.

Plaintiffs allege that Defendant violated several provisions of the NYLL and the New York Codes, Rules & Regulations ("NYCRR") relating to UPS's alleged policy of time shaving, failure to pay overtime wages, failure to provide wage notices, failure to provide wage statements, failure to maintain accurate payroll and time records, and failure to pay a "spread of hours" premium for workdays exceeding ten hours. Compl. ¶ 26. Plaintiffs assert that their claims arising between January 28, 2018 and September 3, 2019 are rendered timely by application of CPLR § 205(a). *See* Compl. ¶ 13.

Defendant has moved to dismiss the claims of all Plaintiffs except Plaintiff Robert Santiago as time-barred, arguing that alleged violations that accrued before September 3, 2019 are barred by the NYLL's six-year statute of limitations and cannot be saved by CPLR § 205(a). *See* ECF No. 25; Mem. of Law in Support of Def.'s Mot. to Dismiss ("Def. Mem."), ECF No. 25-1, at 1. UPS also asks the Court to dismiss Plaintiff Santiago's spread-of-hours and overtime claims for failure to state a claim because his hourly pay was substantially above minimum wage. Def. Mem. at 17–18.

## DISCUSSION

### I. Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Under this plausibility standard, a plaintiff need not plead "detailed factual allegations," but she must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). The Court must accept all well-pleaded allegations as true and draw all inferences in Plaintiffs' favor in determining whether they have stated valid claims. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

In addition to the allegations in a complaint, on a motion to dismiss the Court may consider relevant documents that are attached to the complaint, are incorporated by reference in the complaint, are integral to the complaint, or involve matters as to which judicial notice can be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Schuman v. Visa U.S.A., Inc.*, 788 F. Supp. 3d 563, 571 n.2 (S.D.N.Y. 2025). Nevertheless, the Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the [claim] is legally sufficient." *Watson v. NY Doe 1*, No. 19-CV-533, 2023 WL 6540662, at *3 (S.D.N.Y. Oct. 6, 2023) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)).

While "the statute of limitations is ordinarily an affirmative defense that must be raised in the answer[,] . . . a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint" so long as the complaint "clearly shows the claim is out of time." *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-CV-10256, 2020 WL 6274826, at *40 (S.D.N.Y. Oct. 24, 2020) (quoting *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015); *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

## II. Timeliness and CPLR § 205(a)

This action was filed on September 3, 2025. Plaintiffs' NYLL claims are subject to a six-year statute of limitations. *See* NYLL § 198(3). Thus, claims accruing before September 3, 2019, including all claims brought by Plaintiffs Palaguachi, Payne, and Radwan, are presumptively untimely and subject to dismissal on that basis.

To avoid that conclusion, Plaintiffs rely on CPLR § 205(a). That provision states, in relevant part:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

CPLR § 205(a) (emphasis added). Plaintiffs argue that § 205(a) allows their claims in this third action to relate back to the date the second action was filed in January 2024, allowing them to assert timely claims going back six years before that, to January 28, 2018.

As Defendant observes, the second action itself invoked § 205(a) to relate back to the first action. The parties dispute the legal significance of this fact, and they have identified a split of authority.

The U.S. Court of Appeals for the Second Circuit determined in *Ray v. Ray*, 22 F.4th 69 (2d Cir. 2021), that "CPLR section 205(a), New York's 'Saving Statute,' does not permit a litigant to file an otherwise untimely 'new action' within six months of a 'prior action,' where that prior action was, itself, only made timely by a previous application of section 205(a)." *Ray*, 22 F.4th at 74–75. On the Second Circuit's interpretation, § 205(a) may be invoked only once and litigants may not "chain" lawsuits together by successive applications of the statute. *Ray*, 22 F.4th at 73

(explaining that the alternative interpretation would "permit a litigant to frustrate the statute of limitations entirely by filing new actions within six months of dismissals, in perpetuity").

A New York State intermediate appellate court subsequently reached the opposite conclusion in *Tumminia v. Staten Island University Hospital*. 241 A.D.3d 17, 26 (2d Dep't 2025) ("Respectfully, we disagree with the Second Circuit and conclude that the plain language of CPLR 205(a) does allow for such a successive application of CPLR 205(a)."). The Appellate Division reasoned that "[t]he fact that the second action was timely only as a result of the operation of CPLR 205(a) does not detract from the fact that it was, in fact, timely, meaning that the third action 'would have been timely commenced at the time of commencement' of the second action." *Tumminia*, 241 A.D.3d at 27 (quoting § 205(a)). The court observed that, after *Ray* was decided, the New York Legislature created a new saving provision applicable to foreclosure actions, CPLR § 205-a, with the express limitation: "in no event shall the original plaintiff receive more than one six-month extension." *Tumminia*, 241 A.D.3d at 27 (quoting CPLR § 205-a(a)(2)). Although the Legislature revised CPLR § 205 at the same time, it did not include a similar limitation. *Tumminia*, 241 A.D.3d at 27. The court reasoned that, "[t]he fact that the Legislature included this language in CPLR 205-a but not in CPLR 205(a) is further evidence that it did not intend for a plaintiff to be limited to one six-month extension under CPLR 205(a)." *Tumminia*, 241 A.D.3d at 27.

In a diversity jurisdiction case, including cases removed to federal court pursuant to CAFA, the Court applies state substantive law, including statutes of limitations and tolling provisions. *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 135 (S.D.N.Y. 2014); *Vincent v. Money Store*, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013). Although District Courts are nearly always bound by the rulings of the federal Courts of Appeal, an exception arises in diversity cases because the "ultimate source for state law adjudication . . . is the law as established by the constitution, statutes, or authoritative court decisions of the state." *Cohen v. Nutricost*, 747 F. Supp. 3d 467, 484 (E.D.N.Y. 2024) (quoting *Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 101 (2d Cir. 2021)). In such instances, the federal Court of Appeals "is in the same position as a lower state court vis-à-vis the New York Court of Appeals in construing state substantive law" and must "follow the outcome it believes the New York Court of Appeals would reach without giving binding authority to [Second Circuit precedent]." *Glob. Reinsurance*, 22 F.4th at 101 (2d Cir. 2021) (quoting *In re E. & S. Dists. Asbestos Litig.*, 772 F. Supp. 1380, 1391 (E.D.N.Y. 1991)). This Court therefore "must apply what [it] find[s] to be New York law after giving proper regard to relevant rulings of other courts," including developments "short of a decision of the highest court, if it indicates the court would decide a state-law question differently than [Second Circuit] precedent." *Glob. Reinsurance*, 22 F.4th at 101. *Tumminia* is such a development.

Here, however, the Court need not attempt to divine whether the New York Court of Appeals would adopt the reasoning of the Second Circuit or of the Second

Department. That is because the disagreement between *Ray* and *Tumminia* is whether an action made timely only by operation of § 205(a) is "timely commenced" for the purpose of allowing a subsequent application of § 205(a). That question is not presented by this case because Plaintiffs' second action was judicially determined to be time barred, even under § 205(a). The court dismissed it on that basis. Accordingly, § 205(a) cannot apply to the third action under any interpretation; the first action and the prior application of § 205(a) are irrelevant.

Plaintiffs argue that not all claims in the second action relied on § 205(a), *i.e.*, that some of the claims asserted in that action, specifically those arising from January 28, 2018 through January 31, 2024, were "independently timely" under NYLL § 198(3). Pls. Opp. to Def.'s Mot. to Dismiss ("Pls. Opp."), ECF No. 32, at 9–10 (arguing that those claims which were timely when made in the second action "did not depend on CPLR § 205(a) for their viability in the Second Court Action"). But the entire second action was dismissed as untimely, and that disposition has preclusive effect. *See Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 115 (2d Cir. 2024). If Plaintiffs disagreed with that conclusion, their remedy was to appeal the dismissal of the second action. Principles of *res judicata* do not allow this Court to consider the correctness of the prior order. *Joyner v. Alston & Bird LLP*, No. 21-CV-8549, 2022 WL 4115954, at *2 (S.D.N.Y. Sept. 9, 2022) ("[A]rguments that a prior court erred in rendering its initial judgment are not relevant to the Court's determination that *res judicata* applies because 'the

correctness of a judgment has no bearing on its preclusive effect.'") (quoting *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 336 (E.D.N.Y. 2012).

Accordingly, Defendant's motion to dismiss all claims arising before September 3, 2019 is granted. Plaintiffs Palaguachi, Payne, and Radwan, whose periods of employment with Defendant terminated before that date, are therefore dismissed from the case.

## III. Santiago's Remaining Claims

UPS also moves to dismiss remaining named Plaintiff Santiago's claims for violation of the NYLL's spread-of-hours and overtime provisions. In making this motion, Defendant asks the Court to take judicial notice of documents and facts outside of the complaint. Def. Mem. at 7–10. Specifically, it asks the Court to take judicial notice of the Master Collective Bargaining Agreements ("CBAs") between UPS and the International Brotherhood of Teamsters union for the relevant timeframe of this action, the New York minimum wage rate, and the fact that UPS is a motor carrier subject to the motor carrier exemption to the FLSA. *Id.* Plaintiffs "do not oppose judicial notice of the Master Collective Bargaining Agreements, the New York State minimum wage rates, or UPS's registration as a motor carrier." Pls. Opp. at 21.[1] "Matters subject to judicial notice are properly considered on a motion to dismiss." *Pine v. Annucci*, No. 18-CV-6158, 2019 WL 2578269, at *2 n.5 (S.D.N.Y.

---

[1] Plaintiffs argue instead that "these facts do not support dismissal" because "while the CBAs establish hourly rates, they do not establish the effective hourly rate plaintiffs received after UPS's time-shaving practices reduced their compensable hours" and "UPS's status as a motor carrier is irrelevant to Plaintiffs' NYLL claims." Pls. Opp. at 21–22.

June 24, 2019) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases)). The Court accordingly takes judicial notice of the Master CBAs, the minimum wage rates, and UPS's status as a motor carrier.

UPS argues that the Court should dismiss Plaintiffs' claims under the spread-of-hours and overtime provisions of the NYCRR and NYLL because the CBAs show that all Plaintiffs were paid at a rate in excess of the New York minimum wage, which is a prerequisite to bringing both types of claims. Def. Mem. at 17–18. Plaintiffs rejoin that accepting these arguments requires resolving disputed issues of fact in Defendant's favor, which is inappropriate on a motion to dismiss. Pls. Opp. at 13–15. I conclude that Plaintiffs are correct that these questions must be resolved upon a more developed factual record.

**a. Spread-of-Hours Claim**

UPS argues that because the "'spread-of-hours' provision [NYCRR § 142-2.4] *only applies to* employees who make minimum wage or less" and because the CBAs establish that Plaintiffs made more than minimum wage at all relevant times, their claims fail as a matter of law. Def. Mem. at 17–18 (emphasis in original) (citing *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 371 (E.D.N.Y. Nov. 30, 2022). Plaintiffs do not dispute the proposition of law; nor could they, as it is well established that the "spread of hours provision applies only to employees who earn minimum wage or less." *Heras v. Metro. Learning Inst.*, No. 19-CV-2694, 2021 WL 66288, at *6 (E.D.N.Y. Jan. 7, 2021) (citing *Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 WL 9945754, at *5 (E.D.N.Y. Oct. 17, 2018)). They instead contest the factual

premise, alleging that, notwithstanding the wage rates contained in the CBAs, the Defendant's policy of time-shaving brought their "regular hourly wage rate," defined by the NYCRR as the total hours worked during the week divided by the employee's total earnings, below the statutory minimum wage. Pls. Mem. at 13–14 (citing 12 NYCRR § 142-2.16).

The complaint alleges that "the Class, on average, worked six (6) days a week, which amounted to anywhere from eighty (80) to ninety (90) hours per week" and that Defendant "unlawfully shifted Defendant's business costs onto employees," which "reduced [their] effective hourly wage below the statutory minimum." Compl. ¶¶ 43, 82. In addition, according to the complaint, Defendant would "unilaterally change the delivery drivers' punch-in and punch-out times . . . avoiding the need to pay both *minimum* and overtime wages." *Id.* ¶ 45 (emphasis added). As the Court is bound to construe all inferences in favor of Plaintiffs at this stage, these allegations are sufficient—when accepted as true—to bring Plaintiffs' allegations above the level of speculation and into the realm of plausibility.[2] UPS's motion to dismiss this claim is therefore denied. Defendant is free to bring a motion for summary judgment and present factual materials in support of that motion at a later date.

---

[2] UPS, in two footnotes in its Memorandum of Law, requests that the Court convert the instant motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) and allow the parties to present relevant factual materials. Def. Mem. at 10, n.4 and at 18, n.7. That request is denied. This is fundamentally a dispute of fact unsuited to this procedural posture; it should be raised on a motion for summary judgment. *See Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 475 (E.D.N.Y. 2011).

**b. Overtime Claim**

In close parallel to the dispute over the spread-of-hours claim, UPS argues that 12 NYCRR § 142-2.2 precludes Plaintiffs' claims for overtime at one-and-one-half their regular rate of pay because UPS drivers are exempt from the FLSA's overtime provisions under the federal Motor Carrier Act exemption. Section 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

12 NYCRR § 142-2.2. The plain language of the statute confirms that the law does not entitle Plaintiffs to compensation at one-and-one-half times their stated rates of pay. The juxtaposition of the two sentences demonstrates the Legislature's intention that non-exempt employees be entitled to overtime based on their regular rate of pay and exempt employees to be entitled to overtime based on the basic minimum rate. Plaintiffs, who do not oppose this Court taking judicial notice of the fact that UPS is a motor carrier subject to the relevant exemption, cannot state a claim for overtime compensation at the non-exempt, greater rate. Their argument that "[n]othing in the text [of 142-2.2] *prohibits* payment at one and one-half times the employee's regular rate," Pls. Opp. at 15 (emphasis added), is nonsensical.

However, the same "plain reading of the provision demonstrates that employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one and one-half times the minimum wage." *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 575–76 (2d Cir. 2020). In making this observation, the Second Circuit reversed a Court in this District's decision to grant a motion to dismiss overtime claims under the NYLL, observing that "[b]ecause the Motor Carrier Exemption is an exemption under Section 13(b)(1) of the FLSA, employees who are subject to this exemption must receive overtime compensation at a rate of one and one-half times the minimum wage." *Id.*, 954 F.3d at 576.

To reiterate, Plaintiffs have alleged that—notwithstanding the agreed-upon rates of pay contained in the CBAs—their *actual* rates of pay were so lowered by Defendant's time-shaving and cost-shifting practices that they fell below the New York minimum wage. Compl. ¶¶ 43, 45, 82. As a result, although the factual premise on which their claim rests is disputed, their overtime claims do not fail as a matter of law. While Plaintiffs cannot state a claim for overtime at one-and-one-half the rates of pay contained in the CBAs, they have stated a claim for overtime compensation at one-and-one-half the basic minimum hourly rate. As with the spread-of-hours claims, Defendant may introduce evidence on this issue in future summary judgment motion practice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 25, is granted as to all claims accruing prior to September 3, 2019, including all claims by Plaintiffs Palaguachi, Radwan, and Payne, and denied as to Plaintiff Santiago's claims for spread-of-hours and overtime pay.

**SO ORDERED.**

/s/ Clay H. Kaminsky

Clay H. Kaminsky
United States Magistrate Judge

Dated: September 29, 2026
Brooklyn, New York