**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS PALAGUACHI, ROBERT SANTIAGO, AHMED RADWAN, and WARREN PAYNE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No.: 1:25-cv-05548-CHK<br><br>**DEFENDANT'S ANSWER TO THE COMPLAINT** |

Defendant United Parcel Service, Inc. ("UPS"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby answers Plaintiff Robert Santiago's[1] Class Action Complaint and Jury Demand ("Complaint"), as follows:

## ANSWER TO "NATURE OF ACTION[2]"

1. These allegations call for a legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 1, states that New York

[1] On September 29, 2026, the Court granted UPS's Motion to Dismiss [D.E. 25] and dismissed all claims accruing prior to September 3, 2019, including all claims by Former Plaintiffs Carlos Palaguachi, Ahmed Radwan, and Warren Payne. Accordingly, no answer is required as to dismissed Plaintiffs Carlos Palaguachi, Ahmed Radwan or Warren Payne or their dismissed claims, and UPS answers the Complaint's allegations only as they pertain to Plaintiff Santiago's claims on behalf of himself and the putative class accruing after September 3, 2019. To the extent an answer is required as to and claims brought by Former Plaintiffs Carlos Palaguachi, Ahmed Radwan, or Warren Payne, UPS expressly denials the viability of any and all such claims.

[2] UPS uses the same headings as in the Complaint for ease of reference. To the extent that any headings could be interpreted as factual allegations requiring a responsive pleading, UPS does not admit and expressly denies the same.

Labor Law §§ 190 *et seq*., 650 *et seq*., 663 *et seq*., 195(1), 195(3), 195(4), 198(1-d), New York Compiled Codes, Rules, and Regulations Title 12, Section 142-2.2, and New York Civil Practice Law and Rules § 901 speak for themselves, and denies that it violated these, or any other, law, rule, regulation, or authority.

2. Paragraph 2 is a statement of Plaintiff's legal position in this case to which no response is required. To the extent a response is deemed required, UPS denies the allegations except to admit that UPS has employed individuals with the job title "Package Car Driver," that Plaintiff Santiago was previously employed by UPS as a Package Car Driver, that Plaintiff Santiago performed delivery services within the state of New York, and that William Grey and Lloyd Hall have been employed by UPS.

3. Paragraph 3 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is deemed required, UPS denies the allegations in Paragraph 3.

4. Paragraph 4 is a statement of law and/or legal conclusion to which no response is required. Further, UPS objects to the allegations in Paragraph 4 on the grounds that they are too vague and ambiguous to permit a response, as they fail to specify the UPS employees in addition to the named Plaintiff and class members, the UPS facility or facilities, and the timeframe or timeframes to which Plaintiff is referring. Therefore, UPS is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and, therefore, denies the allegations in Paragraph 4 and demand strict proof thereof.

5. Paragraph 5 is a statement of Plaintiff's legal position and relief sought by Plaintiff in this case to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 5, including denying that Plaintiff is entitled to any relief sought.

6. Paragraph 6 is statement of Plaintiff's legal position and the nature of the claims

brought by Plaintiff to which no response is required. To the extent a response is required, UPS denies that Plaintiff is entitled to any relief sought and/or that certification of this matter is appropriate. Answering further, all claims brought by former Plaintiffs Palaguachi, Radwan, and Payne have been dismissed by the Court's September 29, 2026 Order on Defendant's Motion to Dismiss, and they are no longer Plaintiffs in this action.

**ANSWER TO "PRIOR FILING"**

7. UPS denies the allegations in Paragraph 7 except to state that a lawsuit entitled *Murray et al. v. UPS et al.* was filed in the Eastern District of New York on March 18, 2020, Case No. 20-cv-1427.

8. UPS denies the allegations in Paragraph 8 except to state that an Order was entered in Case No. 20-cv-1427 on October 26, 2023, dismissing the case without prejudice.

9. UPS denies the allegations in Paragraph 9 and states that a lawsuit entitled *Daniel Moyle et al. v. United Parcels Service, Inc.*, Index No. 503187/2024 was filed in the Supreme Court of the State of New York, County of Kings on January 31, 2024.

10. UPS denies the allegations in Paragraph 10 except to state that the lawsuit entitled *Daniel Moyle et al. v. United Parcels Service, Inc.*, Index No. 503187/2024, was removed to the Eastern District of New York on May 30, 2024.

11. UPS denies the allegations in Paragraph 11 except to state that an Order was entered from the Bench in Case No. 24-cv-03880 on May 19, 2025, and that such Bench Order was later memorialized on the docket via a Minute Entry and Order on July 14, 2025, dismissing the case without prejudice.

12. UPS denies the allegations in Paragraph 12 except to state that a Clerk's Judgment was entered in Case No. 24-cv-03880 on August 20, 2025.

13. Paragraph 12 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 13, states that CPLR § 205(a), *Ross v. Jamaica Hosp. Med. Ctr.*, 122 A.D.3d 607 (2d Dep't 2014) and *Bartholomew v. N.Y.C. Health & Hosps. Corp.,* 2023 NY Slip Op 32792(U) (Sup. Ct. 2023) speak for themselves, and further states that the Court has already determined that Plaintiffs' claims are not timely pursuant to CPLR § 205(a).

**ANSWER TO "JURISDICTION AND VENUE"**

14. To the extent Paragraph 14 is a statement of law and/or legal conclusion, no response is required. To the extent a response is required, Defendant admits that it does business in New York, derives revenue from doing business in New York, maintains facilities in New York, and employs individuals in New York. UPS denies the remaining allegations in Paragraph 14.

15. To the extent Paragraph 15 is a statement of law and/or legal conclusion, no response is required. To the extent a response is required, Defendant admits that it does business in Kings County, New York and that, at some point in time, Plaintiff Santiago worked for UPS in Kings County New York. UPS denies the remaining allegations in Paragraph 15.

**ANSWER TO "PARTIES"**

16. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 16. To the extent a response is required, UPS denies the allegations in paragraph 16.

17. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 17. To the extent a response is required, UPS denies the allegations in paragraph 17.

18. All claims prior to September 3, 2019 were dismissed by Court Order dated

September 29, 2026. Therefore, no response is required to allegations in Paragraph 18 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS admits that Plaintiff Santiago was employed by UPS in the position of Package Car Driver from April 7, 2014 to October 18, 2020. UPS denies all remaining allegations in Paragraph 18.

19. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 17. To the extent a response is required, UPS denies the allegations in paragraph 17.

20. To the extent Paragraph 20 states a legal conclusion, no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 20.

## ANSWER TO "DEFENDANTS"

21. To the extent Paragraph 21 states a legal conclusion, no response is required. To the extent a response is required, UPS admits that it is a corporation organized under the laws of Ohio, that its principal place of business is in Atlanta, Georgia, and that it does business in New York. UPS denies the remaining allegations in Paragraph 21.

22. UPS denies the allegations in Paragraph 22 except to admit that during his employment with UPS, Plaintiff Santiago worked out of a facility located at 104-01 Foster Avenue, Brooklyn, New York.

23. Paragraph 23 is a statement of law and/or legal conclusion to which no response is required. Further, UPS objects to the allegations in Paragraph 23 on the grounds that they are too vague and ambiguous to permit a response, as they fail to specify the UPS employees in addition to the named Plaintiff and class members, and the timeframe or timeframes to which Plaintiff is referring. Therefore, UPS is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 23 and, therefore, denies the allegations in Paragraph 23 and demand strict proof thereof.

## ANSWER TO "CLASS ACTION ALLEGATIONS"

24. Paragraph 24 is statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 24. UPS further denies that Plaintiff's claims are appropriate for class treatment. Answering further, all claims accruing prior to September 3, 2019 are barred as a matter of law.

Answer to "CPLR § 901(a) Prerequisites:"

25. UPS is without knowledge sufficient to admit or deny the allegation concerning the size of the putative class and therefore denies the same and demands strict proof thereof. UPS denies the remaining allegations in Paragraph 25, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof. Answering further, this matter has been removed to the United State District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23 not CPLR § 901(a).

26. Paragraph 26 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 26, including subparagraphs a. through g. as if set forth fully herein, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof.

27. Paragraph 27 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 27, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof.

28. Paragraph 28 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 28.

29. Paragraph 29 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 29.

30. Paragraph 30 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 30, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof.

31. Paragraph 31 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 31.

32. Paragraph 32 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 32, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof.

33. Paragraph 33 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 33, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof.

Answer to "N.Y. C.P.L.R. LAW § 902 Prerequisites:"

34. Paragraph 34 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 34, including subparagraphs a. through e. as if set forth fully herein, denies that Plaintiff's claims are appropriate for class treatment, and demands strict proof thereof. Answering further, this matter has been removed to the United State District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23 not CPLR § 902.

35. Paragraph 35 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 35, including subparagraphs a. through g. as if set forth fully herein, denies that Plaintiff's claims are

appropriate for class treatment, and demands strict proof thereof. Answering further, this matter has been removed to the United State District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23 not CPLR §§ 901 or 902.

## ANSWER TO "FACTUAL ALLEGATIONS"

Answer to "*Defendants Constitute Joint Employers*"

36. UPS denies the allegations in Paragraph 36 except to admit that a portion of UPS's business conduct in New York involves package delivery services. Answering further, UPS is the only defendant.

37. Paragraph 37 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 37.

38. Paragraph 38 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 38.

39. Paragraph 39 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 39.

40. Paragraph 40 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 40.

Answer to "*Defendants Engaged in Wage Theft"*

41. Paragraph 41 recites the nature of the claims brought by Plaintiff, and no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 41. Answering further, UPS is the only defendant.

42. UPS objects to the allegations in Paragraph 42 on the grounds that they are too vague and ambiguous to fairly permit a response, as they fail to specify the UPS employees in

addition to the named Plaintiff and class members, the UPS facility or facilities, and the timeframe or timeframes to which Plaintiff is referring. Therefore, UPS is without knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

43. UPS objects to the allegations in Paragraph 43 on the grounds that they are too vague and ambiguous to fairly permit a response, as they fail to specify the UPS employees in addition to the named Plaintiff and class members, the UPS facility or facilities, and the timeframe or timeframes to which Plaintiff is referring. Therefore, UPS is without knowledge or information sufficient to admit or deny the allegations and therefore denies the same. Answering further, UPS is the only defendant.

44. As to the allegations in Paragraph 44, UPS denies that it violated any law, rule, regulation, or other authority and states that it lacks knowledge sufficient to admit or deny the "first-hand knowledge" purportedly known by Plaintiffs. Answering further, UPS is the only defendant.

45. UPS denies the allegations in Paragraph 45. Answering further, UPS is the only defendant.

46. UPS denies the allegations in Paragraph 46. Answering further, UPS is the only defendant.

47. Paragraph 47 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 47. Answering further, UPS is the only defendant.

48. Paragraph 48 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 48. Answering further, UPS is the only defendant.

Answer to "*Individual Plaintiffs*"

**ANSWER TO "THE WAGE AND HOUR PLAINTIFF'S"**

49. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to their allegations in Paragraph 49. To the extent a response is required, UPS denies all such allegations. With respect to Plaintiff Santiago, UPS admits that he was employed in New York in the position of Package Car Driver. UPS denies all remaining allegations in Paragraph 49.

50. UPS objects to the allegations in Paragraph 50 on the grounds that they are too vague and ambiguous to permit a response, as they fail to specify the UPS employees in addition to the named Plaintiff and class members, the UPS facility or facilities, and the timeframe or timeframes to which Plaintiff is referring. Therefore, UPS is without knowledge or information sufficient to admit or deny the allegations in Paragraph 50 and therefore denies the same and demands strict proof thereof. Answering further, UPS states that the job description for Delivery Drivers posted on UPS's jobsite speaks for itself and, therefore, no response is required.

51. Paragraph 51 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 51.

52. The allegations in Paragraph 52 recite the nature of the claims brought by Plaintiff and the relief sought by Plaintiff to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 52.

**ANSWER TO "PLAINTIFF CARLOS PALAGUACHI"**

53. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 53. To the

extent a response is required, UPS denies the allegations in Paragraph 53.

54. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 54. To the extent a response is required, UPS denies the allegations in Paragraph 54.

55. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 55. To the extent a response is required, UPS denies the allegations in Paragraph 55.

56. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 56. To the extent a response is required, UPS denies the allegations in Paragraph 56.

57. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 57. To the extent a response is required, UPS denies the allegations in Paragraph 57.

58. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 58. To the extent a response is required, UPS denies the allegations in Paragraph 58.

59. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 59. To the extent a response is required, UPS denies the allegations in Paragraph 59.

60. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 60. To the extent a response is required, UPS denies the allegations in Paragraph 60.

61. Carlos Palaguachi and all of his claims were dismissed by Court Order dated

September 29, 2026. Therefore, no response is required to the allegations in Paragraph 61. To the extent a response is required, UPS denies the allegations in Paragraph 61.

62. Carlos Palaguachi and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 62. To the extent a response is required, UPS denies the allegations in Paragraph 62.

**<u>ANSWER TO "PLAINTIFF WARREN PAYNE"</u>**

63. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 63. To the extent a response is required, UPS denies the allegations in Paragraph 63.

64. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 64. To the extent a response is required, UPS denies the allegations in Paragraph 64.

65. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 65. To the extent a response is required, UPS denies the allegations in Paragraph 65.

66. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 66. To the extent a response is required, UPS denies the allegations in Paragraph 63.

67. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 67. To the extent a response is required, UPS denies the allegations in Paragraph 67.

68. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 68. To the extent a

response is required, UPS denies the allegations in Paragraph 68.

69. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 69. To the extent a response is required, UPS denies the allegations in Paragraph 69.

70. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 70. To the extent a response is required, UPS denies the allegations in Paragraph 70.

71. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 71. To the extent a response is required, UPS denies the allegations in Paragraph 71.

72. Warren Payne and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 72. To the extent a response is required, UPS denies the allegations in Paragraph 72.

## ANSWER TO "PLAINTIFF ROBERT SANTIAGO"

73. UPS denies the allegations in Paragraph 73.

74. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 74 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. As to other allegations in Paragraph 74, UPS admits that Plaintiff Santiago was employed by UPS from April 7, 2014 to October 18, 2022 and denies the remaining allegations in Paragraph 74.

75. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 75 relating to

the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 75.

76. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 76 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 76.

77. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 77 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 77.

78. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 78 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 78.

79. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 79 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 79.

80. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 80 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 80.

81. All claims prior to September 3, 2019 were dismissed by Court Order dated

September 29, 2026. Therefore, no response is required to allegations in Paragraph 81 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 81.

82. All claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 82 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, UPS denies all remaining allegations in Paragraph 82.

**ANSWER TO "PLAINTIFF AHMED RADWAN"**

83. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 83. To the extent a response is required, UPS denies the allegations in Paragraph 83.

84. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 84. To the extent a response is required, UPS denies the allegations in Paragraph 84.

85. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 85. To the extent a response is required, UPS denies the allegations in Paragraph 85.

86. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 86. To the extent a response is required, UPS denies the allegations in Paragraph 86.

87. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 87. To the extent a response is required, UPS denies the allegations in Paragraph 87.

88. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 88. To the extent a response is required, UPS denies the allegations in Paragraph 88.

89. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 89. To the extent a response is required, UPS denies the allegations in Paragraph 89.

90. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 90. To the extent a response is required, UPS denies the allegations in Paragraph 90.

91. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 91. To the extent a response is required, UPS denies the allegations in Paragraph 91.

92. Ahmed Radwan and all of his claims were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to the allegations in Paragraph 92. To the extent a response is required, UPS denies the allegations in Paragraph 92.

## ANSWER TO "FIRST CAUSE OF ACTION"
**New York Labor Law Claims**
**(On behalf of Plaintiff Palaguachi, Plaintiff Santiago, Plaintiff Radwan, Plaintiff Payne, and all similarly situated employees)**

93. UPS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

94. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 94 relating to Palaguachi, Radwan or Payne or to

the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, the allegations in Paragraph 94 recite the nature of the claims brought by Plaintiff Santiago to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 94. Answering further, UPS denies that Plaintiff's claims are appropriate for class treatment.

95. Paragraph 95 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 95, including subparagraphs a. through e. as if set forth fully herein, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901.

96. Paragraph 96 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 96, denies that Plaintiff's claims are appropriate for class treatment, and states that *Kudinov v. Kel-Tech Const. Inc.,* 65 AD3d 481 (1st Dep't 2009) and *Englade v. Harper Collins Publr., Inc.,* 289 AD2d 159 (1st Dep't 2001) speak for themselves. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901.

97. Paragraph 97 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 97, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901, *Kudinov v. Kel-Tech Const. Inc.,* 65 AD3d 481 (1st Dep't 2009) and *Esplin v. Hirschi,* 402 F.2d 94 (10th Cir.

1968) speak for themselves. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a).

Answer to "*Numerosity*"

98. Paragraph 98 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 98, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(1).

99. Paragraph 99 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 99, denies that Plaintiff's claims are appropriate for class treatment, and states that *Friar v. Vanguard Holding Corp.*, 78 AD2d 83 (2nd Dep't 1980) speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(1).

100. Paragraph 100 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS admits that it employes Package Car Drivers across multiple facilities throughout New York, and denies the remaining allegations of Paragraph 100, including that Plaintiff's claims are appropriate for class treatment.

101. UPS denies the allegations in Paragraph 101 except to state that it operates multiple facilities throughout New York state.

102. The allegations in Paragraph 102 purport to reference a portion of the contents of

UPS's website, which speaks for itself, and UPS denies any characterization inconsistent therewith. UPS is without knowledge or information sufficient to admit or deny whether the list reproduced in this Paragraph accurately reflects the contents of its website at any particular time and therefore denies the same. Answering further, UPS denies that each location listed is a package delivery facility and the remaining allegations in Paragraph 102.

103. UPS denies the allegations in Paragraph 103.

104. Paragraph 104 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 104, denies that Plaintiff's claims are appropriate for class treatment, and states that *Galdamez v. Biordi Const. Corp.,* 13 Misc. 3d 1224[A] (Sup. Ct. 2006), *Dornberger v. Metropolitan Life Ins. Co.,* 182 FRD 72 (S.D.N.Y. 1998), as amended (Jan. 5, 1999), *and Klakis v. Nationwide Leisure Corp.,* 73 AD2d 521 (1st Dep't 1979) speak for themselves.

105. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 105 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, with regard to Plaintiff Santiago, UPS admits that it employes over 100 Package Car Drivers throughout New York but denies the remaining allegations in Paragraph 105.

106. Paragraph 106 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 106 and denies that Plaintiff's claims are appropriate for class treatment.

Answer to *"Commonality"*

107. Paragraph 107 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 107, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(2).

108. Paragraph 108 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 108, denies that Plaintiff's claims are appropriate for class treatment, and states that *Pludeman v. Northern Leasing Sys., Inc.* 74 AD3d 420 (1st Dep't 2010), and *Friar v. Vanguard Holding Corp.,* 78 AD2d 83 (2nd Dep't 1980) speak for themselves.

109. Paragraph 109 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 109, including subparagraphs a. through g. as if set forth fully herein, and denies that Plaintiff's claims are appropriate for class treatment.

110. Paragraph 110 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 110, denies that Plaintiff's claims are appropriate for class treatment, and states that *Bloom v. Cunard Line*, 76 AD2d 237 (1st Dep't 1980), *Kudinov v. Kel-Tech Const. Inc.,* 65 AD3d 481 (1st Dep't 2009), *Brandon v. Chefetz*, 106 AD2d 162 (1st Dep't 1985), and *Pludeman v. N. Leasing Sys., Inc.* 74 AD3d 420 (1st Dep't 2010), speak for themselves.

111. Paragraph 111 is a statement of law and/or legal conclusion to which no response

is required. To the extent a response is required, UPS denies the allegations in Paragraph 111 and denies that Plaintiff's claims are appropriate for class treatment.

112. Paragraph 112 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 112, denies that Plaintiff's claims are appropriate for class treatment, and states that *Stecko v. RLI Ins. Co.,* 121 AD3d 542 (1st Dep't 2014), *Weinstein v. Jenny Craig Operations, Inc.,* 138 AD3d 546 (1st Dep't 2016), *Frair v. Vanguard Holding Corp.,* 78 AD2d 83 (2nd Dep't 1980), and *Lavrenyuk v. Life Care Servs., Inc.*, 198 AD3d 569 (1st Dep't 2021) speak for themselves.

113. Paragraph 113 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 113 and denies that Plaintiff's claims are appropriate for class treatment.

Answer to "*Typicality*"

114. Paragraph 114 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 114, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(3).

115. Paragraph 115 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 115, denies that Plaintiff's claims are appropriate for class treatment, and states that *Frair v. Vanguard Holding Corp.,* 78 AD2d 83 (2nd Dep't 1980), *Ackerman v. Price Waterhouse*, 252 AD2d 179 (1st Dep't 1998), *Freeman v. Great Lakes Energy Partners, L.L.C.*, 12 AD3d 1170 (4th Dep't 2004),

*Pruitt v. Rockefeller Ctr. Props.,* 167 AD2d 14 (1st Dep't 1991), *Pludeman v. N. Leasing Sys., Inc.*, 74 AD3d 420 (1st Dep't 2010) and *Super Glue Corp. v. Avis Rent A Car Sys., Inc.,* 132 AD2d 604 (2nd Dep't 1987) speak for themselves.

116. Paragraph 116 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 116 and denies that Plaintiff's claims are appropriate for class treatment.

117. Paragraph 117 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 117 and denies that Plaintiff's claims are appropriate for class treatment.

Answer to "*Adequacy*"

118. Paragraph 118 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 118, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(4).

119. Paragraph 119 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 119, denies that Plaintiff's claims are appropriate for class treatment, and states that *Frair v. Vanguard Holding Corp.,* 78 AD2d 83 (2nd Dep't 1980), *Ackerman v. Price Waterhouse*, 252 AD2d 179 (1st Dep't 1998), *Freeman v. Great Lakes Energy Partners, L.L.C.*, 12 AD3d 1170 (4th Dep't 2004), *Pruitt v. Rockefeller Ctr. Props.,* 167 AD2d 14 (1st Dep't 1991), *Pludeman v. N. Leasing Sys., Inc.*,

74 AD3d 420 (1st Dep't 2010) and *Super Glue Corp. v. Avis Rent A Car Sys., Inc.,* 132 AD2d 604 (2nd Dep't 1987) speak for themselves.

120. Paragraph 120 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 120 and denies that Plaintiff's claims are appropriate for class treatment.

121. Paragraph 121 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 121 and denies that Plaintiff's claims are appropriate for class treatment.

Answer to "*Superiority*"

122. Paragraph 122 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 122 and denies that Plaintiff's claims are appropriate for class treatment.

123. Paragraph 123 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 123, denies that Plaintiff's claims are appropriate for class treatment, and states that *Nawrocki v. Proto Const. & Dev. Corp.*, 82 AD3d 534 (1st Dep't 2011), *Dabrowski v. Abax Inc.*, 84 AD3d 633 (1st Dep't 2011) and *Stecko v. RLI Ins., Co.,* 121 AD3d 542 (1st Dep't 2014) speak for themselves.

124. Paragraph 124 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 124, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 901 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 901(a)(4).

Answer to "Evidence of UPS's Uniform Policies"

125. UPS denies the allegations in Paragraph 125 except to admit that certain supervisory employees had permission to review and revise erroneous time entries.

126. UPS denies the allegations in Paragraph 126 except to admit that certain supervisory employees had permission to review and revise erroneous time entries.

127. The allegations in Paragraph 127 describe evidence that Plaintiff purportedly intends to introduce, to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations regarding the purported text message exchanges referenced in this Paragraph and therefore denies the same.

128. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128, including subparagraphs a. through w. as if set forth fully herein, regarding the contents of purported text messages referenced in this Paragraph and its subparts and therefore denies the same. Answering further, any such documents speak for themselves, and all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026, and the purported communications referenced in this Paragraph and its subparts are dated before September 3, 2019 and concern individuals who are not parties to this action. Therefore, no response is required to the allegations in Paragraph 128 relating to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations.

129. Paragraph 129 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 129.

130. Paragraph 130 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 130.

<u>Answer to "N.Y. C.P.L.R. LAW § 902 Factors</u>:"

131. Paragraph 131 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 131, including subparagraphs a. through e. as if set forth fully herein, denies that Plaintiff's claims are appropriate for class treatment, and states that CPLR § 902 speaks for itself. Answering further, this matter has been removed to the United States District Court for the Eastern District of New York, and the adequacy of any purported class action claims is governed by Fed. R. Civ. P. 23, not CPLR § 902.

<u>Answer to "NYLL Violations</u>:"

132. Paragraph 132 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 132, including subparagraphs a. through d. as if fully set forth herein.

133. Paragraph 133 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 133.

134. Paragraph 134 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 134, including Plaintiff's allegation that he or the putative class members suffered any damages.

135. The allegations in Paragraph 135 recite the relief sought by Plaintiff to which no response is required. To the extent a response is required, UPS denies the allegations Paragraph 135, including subparagraphs a. through f. as if set forth fully herein, and denies that Plaintiff or any putative class members are entitled to any relief.

136. Paragraph 136 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 136.

137. Paragraph 137 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 137 and denies that Plaintiff or any of the putative class members are entitled to any relief.

**ANSWER TO "SECOND CAUSE OF ACTION"**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW FOR FAILURE TO PAY MINIMUM AD STRAIGHT-TIME WAGES**
**(On behalf of Plaintiff Palaguachi, Plaintiff Santiago, Plaintiff Radwan, Plaintiff Payne, and all similarly situated employees)**

138. UPS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

139. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 139 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 139 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS admits only that Plaintiff Santiago was previously employed by UPS as a Package Car Driver and that the Package Car Driver position includes package delivery duties and interacting with customers, and that the performance of these duties was generally subject to oversight by UPS management. UPS denies the remaining allegations in Paragraph 139.

140. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 140 relating to Palaguachi, Radwan or Payne or to

the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 140 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 140.

141. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 141 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 141 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 141.

142. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 142 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 142 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 142.

143. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no

response is required to allegations in Paragraph 143 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 143 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 143, including that Plaintiff Santiago or the putative class members suffered any damages.

144. The allegations in Paragraph 144 recite the relief sought by Plaintiff to which no response is required. To the extent a response is required, UPS denies the allegations in paragraph 144, including subparagraphs a. through e. as if set forth fully herein, and denies that Plaintiff or any putative class members are entitled to any relief.

**ANSWER TO "THIRD CAUSE OF ACTION"**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**
**(On behalf of Plaintiff Palaguachi, Plaintiff Santiago, Plaintiff Radwan, Plaintiff Payne, and all similarly situated employees)**

145. UPS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

146. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 146 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 146 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations

in Paragraph 146, including subparagraphs a. through f. as if set forth fully herein. Answering further, NYLL § 195(1) speaks for itself.

147. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 147 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 147 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 147.

148. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 148 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 148 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 148.

149. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 149 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all

such allegations. Answering further, Paragraph 149 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 149.

150. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 150 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 150 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 150, including that Plaintiff Santiago or the putative class members suffered any damages or are entitled to any relief sought. Answering further, NYLL § 198(1-b) speaks for itself.

151. The allegations in Paragraph 151 recite the relief sought by Plaintiff to which no response is required. To the extent a response is required, UPS denies the allegations in paragraph 151 and denies that Plaintiff or any putative class members are entitled to any relief.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

**(On behalf of Plaintiff Palaguachi, Plaintiff Santiago, Plaintiff Radwan, Plaintiff Payne, and all similarly situated employees)**

152. UPS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

153. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior

to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 153 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 153 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 153, including subparagraphs a. through l. as if set forth fully herein.

154. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 154 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 154 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 154.

155. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 155 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 155 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 155.

156. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne,

and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 156 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 156 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 156.

157. Former Plaintiffs Carlos Palaguachi, Ahmed Radwan and Warren Payne, and all of their claims were dismissed by Court Order dated September 29, 2026. Further, all claims prior to September 3, 2019 were dismissed by Court Order dated September 29, 2026. Therefore, no response is required to allegations in Paragraph 157 relating to Palaguachi, Radwan or Payne or to the time period prior to September 3, 2019. To the extent a response is required, UPS denies all such allegations. Answering further, Paragraph 157 is a statement of law and/or legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations in Paragraph 157, including that Plaintiff Santiago or the putative class members suffered any damages or are entitled to any relief sought. Answering further, NYLL § 198(1-d) speaks for itself.

158. The allegations in Paragraph 158 recite the relief sought by Plaintiff to which no response is required. To the extent a response is required, UPS denies the allegations in paragraph 158, and denies that Plaintiff or any putative class members are entitled to any relief.

## PRAYER FOR RELIEF

**WHEREFORE**, UPS denies that Plaintiff or the putative class members are entitled to any relief sought and requests that the Court enter judgment dismissing the Complaint in its

entirety and with prejudice, granting UPS its costs and attorneys' fees and granting such other relief as the Court may deem just and proper.

## GENERAL DENIAL

UPS denies each and every allegation in the Complaint not specifically addressed and admitted above. UPS further denies that Plaintiff or the putative class members are entitled to any of the relief sought in the Prayer for Relief, or any relief or damages whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

UPS asserts the following defenses, without assuming the burden of proof on any defense except as required by law, such as where a defense is an affirmative defense on which UPS bears the burden of proof.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted as a matter of law.

## SECOND DEFENSE

Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

## THIRD DEFENSE

Plaintiff's claims and the claims of the individuals he purports to represent are barred for any periods of time during which they are exempt from the overtime and minimum wage provisions of New York Wage-and-Hour Law due to their status as bona fide administrative, executive, and/or professional employees.

## FOURTH DEFENSE

Plaintiff's claims and the claims of the individuals he purports to represent are barred for

any periods of time during which they are exempt pursuant to the Motor Carrier Act, 49 U.S.C. § 31502, et seq.

**FIFTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the applicable statutes of limitation.

**SIXTH DEFENSE**

Plaintiff cannot satisfy the requirements for a class action under Fed. R. Civ. P. 23.

**SEVENTH DEFENSE**

Plaintiff's claims and/or those of the individuals he purports to represent are barred or limited by the *de minimis* doctrine.

**EIGHTH DEFENSE**

Plaintiff and the individuals whom he purports to represent are barred, in whole or in part, from recovering liquidated damages or penalties because UPS (including its officers, managers, affiliates, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of New York Wage-and-Hour Law; UPS did not authorize or ratify any willful violation with respect to Plaintiff and the individuals whom he purports to represent; and Plaintiff has failed to plead facts sufficient to support recovery of such damages or penalties.

**NINTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred to the extent he lacks standing to pursue such claims either on his own or on behalf of the individuals he seeks to represent.

**TENTH DEFENSE**

Plaintiff's claims cannot be properly joined with the claims of any individuals he seeks to

represent because his claims are individualized and fact-specific and do not arise out of a common set of facts as those claims he purports to assert on behalf of the individuals he seeks to represent.

**ELEVENTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are preempted by federal and/or state labor laws, including but not limited to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*; the National Labor Relations Act; and *San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon,* 359 U.S. 236 (1959).

**TWELFTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred as he and such individuals failed to exhaust the mandatory grievance and arbitration provisions of the applicable collective bargaining agreements prior to instituting this action.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff has failed to join one or more indispensable parties.

**FOURTEENTH DEFENSE**

Plaintiff's claims fail to the extent Plaintiff and the individuals he purports to represent have failed to mitigate their damages.

**FIFTEENTH DEFENSE**

To the extent Plaintiff and the individuals he purports to represent are entitled to damages, UPS is entitled to a credit for, or set off against, amounts overpaid to Plaintiff and the individuals he purports to represent in the course of their employment, as well as a credit for overtime and other premium payments already made to Plaintiff and the individuals he purports to represent.

**SIXTEENTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred to the extent Plaintiff and the individuals he purports to represent were properly compensated for all time worked in accordance with New York Wage-and-Hour Law, and Plaintiff and the individuals he purports to represent were paid for additional time including, without limitation, time paid but not worked.

**SEVENTEENTH DEFENSE**

The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining UPS's liability and/or damages, if any, to Plaintiff and the individuals he purports to represent on a group or aggregated basis because to do so would deny and deprive UPS of due process.

**EIGHTEENTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent fail to the extent they are barred in whole or in part by the doctrines of issue preclusion and claim preclusion.

**NINETEENTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part to the extent Plaintiffs and/or the individuals he purports to represent have released any of their purported causes of action against UPS.

**TWENTIETH DEFENSE**

Plaintiff's alleged damages are speculative, uncertain, or both, and therefore non-compensable.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are subject to

setoff, offset, and/or recoupment.

**TWENTY-SECOND DEFENSE**

Plaintiff and the individuals he purports to represent are not entitled to liquidated damages or penalties because, at all times relevant to this action, UPS acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and/or the New York Department of Labor and Employment, and had reasonable grounds for believing it did not violate any applicable wage-and-hour provisions.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims fail to the extent certain of the interests of Plaintiff are in conflict with the interests of some or all of the members of the alleged class, the existence of which is expressly denied.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims and the claims of the individuals he purports to represent are barred, in whole or in part, to the extent Plaintiff and/or such individuals entered into agreements to arbitrate their claims against UPS, including any agreements waiving the right to bring or participate in a class or collective action, and such claims are subject to individual arbitration and may not proceed in this Court. UPS does not waive, and expressly reserves, its right to move to compel arbitration of any such claims.

**TWENTY-FIFTH DEFENSE**

Plaintiff cannot satisfy Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the putative class do not predominate over questions affecting only individual members, and a

class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are unsuitable for class treatment because resolution of those claims would require individualized inquiries into, among other things, each putative class member's circumstances, work schedule, manager, work site, applicable collective bargaining agreements, alleged injury, damages, mitigation, setoff, and defenses.

**TWENTY-SEVENTH DEFENSE**

Certification of the proposed class would violate UPS's due process rights because it would permit adjudication of individualized issues, defenses, liability, causation, damages, and entitlement to relief on a representative basis without affording UPS a meaningful opportunity to assert all available defenses as to Plaintiff and each putative class member.

**TWENTY-EIGHTH DEFENSE**

Some or all of the claims asserted in the Complaint are unsuitable for class treatment because prosecution of separate actions by individual putative class members would not create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for UPS, nor would separate adjudications be dispositive of the interests of other putative class members or substantially impair or impede their ability to protect their interests.

**TWENTY-NINTH DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, fails because Plaintiff is not an adequate representative of the alleged class that he purports to represent. Plaintiff does not have claims typical of the alleged class, if any, and Plaintiff's interests are antagonistic to the class he purports to represent. Plaintiff is not "similarly situated" to any other employee

whom he claims to purportedly represent, nor can he be an adequate representative for the work sites where he did not work for UPS and, therefore, has no personal knowledge regarding any facts related to those work sites. As such, the class action claims and allegations fail, as a matter of law.

**THIRTIETH DEFENSE**

Plaintiff's claims, and/or those of the members of the putative class group whom he purports to represent, fail to the extent they failed to report any time worked during which they were not clocked-in to the timekeeping system or they otherwise chose to "work off the clock."

**THIRTY-FIRST DEFENSE**

Plaintiff's claims, and/or those of the members of the putative class group whom he purports to represent, are barred, in whole or in part, by the applicable statutes of limitations. To the extent that the Complaint seeks relief for any alleged unlawful conduct that occurred outside of the applicable limitations periods, whether with respect to Plaintiff or to members of the putative class group, such claims are time barred. Further, the applicability of the statutes of limitations requires individualized determinations for each putative class member, thereby precluding class-wide resolution.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims, and/or those of the members of the putative class group he purports to represent, are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff, any putative class member or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that they were entitled to additional payment for wages and/or penalties, and did not prevail on such claim. To the extent Plaintiff purport to pursue a class action, individual issues predominate as to whether each putative class

member's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## THIRTY-THIRD DEFENSE

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of UPS's due process and other rights under the U.S. Constitution and applicable state constitutions.

## RESERVATION OF RIGHTS

UPS reserves the right to later amend this pleading by asserting additional defenses and/or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, UPS requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, and awarding to UPS costs, attorneys' fees and such other relief as the Court may deem just and proper.

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
*Attorneys for Defendant*
*United Parcel Service, Inc.*

By: */s/Leslie A. Lajewski*
Leslie A. Lajewski, Esq.
Michael Westwood-Booth, Esq.
Anthony Russo, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
973-630-2322
Leslie.lajewski@ogletree.com

Dated: October 13, 2026

**CERTIFICATION OF SERVICE**

The undersigned here certifies that, on October 13, 2026, the foregoing Answer to the Complaint and Jury Demand was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such case filing on all parties of record in this action, as follows:

Tyrone A. Blackburn
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com
*Attorneys for Plaintiff*

/s/Leslie. A. Lajewski
Leslie A. Lajewski, Esq.