# EXHIBIT A

September 9, 2026 Discovery Deficiency Letter
and Subsequent Meet-and-Confer-Related Communications

**Westwood-Booth, Michael**

---

**From:** Westwood-Booth, Michael
**Sent:** Friday, October 30, 2026 2:16 PM
**To:** 'Tyrone Blackburn' <tblackburn@tablackburnlaw.com>
**Cc:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>; Russo, Anthony E. <anthony.russo@ogletreedeakins.com>
**Subject:** [Palaguachi] Draft Joint Discovery Dispute Letter to Hon. Clay Kaminsky [ODNSS-OGL.040268.000131]

Good afternoon, Mr. Blackburn,

As you know, UPS requested that Mr. Santiago provide full and complete responses to UPS's discovery requests no later than October 26. UPS received no response.

Accordingly, pursuant to Local Civil Rule 37.2 and the Individual Practice Rules of Judge Kaminsky, please find enclosed a draft joint discovery letter. Kindly complete Mr. Santiago's portion of the letter no later than 3:00 p.m. next Tuesday, November 3.

If we do not receive Mr. Santiago's response by then, UPS will file the letter and indicate that Mr. Santiago did not participate in the drafting of this joint submission.

Thank you.

**Michael Westwood-Booth | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-385-1840
michael.westwood-booth@ogletree.com | www.ogletree.com | Bio

---

**From:** Westwood-Booth, Michael
**Sent:** Monday, October 19, 2026 11:48 AM
**To:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>; Russo, Anthony E. <anthony.russo@ogletreedeakins.com>
**Subject:** [Palaguachi] Final Attempt to Obtain Supplemental Discovery Responses [ODNSS-OGL.040268.000131]

Good morning, Mr. Blackburn,

As you know, on May 5, 2026, Defendant UPS served its Requests for Production of Documents, Interrogatories, and Requests for Admissions on Plaintiffs Carlos Palaguachi, Ahmed Radwan, Warren Payne, and Robert Santiago. Plaintiffs responded on August 3, 2026.

On September 9, 2026, UPS served a discovery deficiency letter on all Plaintiffs. That letter asked Plaintiffs to provide their supplemental responses by September 23, 2026. Plaintiffs made no response by that date. On September 25, 2026 and as a courtesy to Plaintiffs, UPS extended its deadline until October 2, 2026. Plaintiffs also made no response by that date. As of today, Plaintiffs have still made no supplemental response and have not otherwise contacted me about their intentions to respond whatsoever.

As you also know, on September 29, 2026, the Court partially granted UPS's motion to dismiss and has now dismissed all claims of former-Plaintiffs Palaguachi, Radwan, and Payne. Only Plaintiff Santiago's claims remain.

Because of the foregoing, UPS is no longer seeking supplemental responses from former-Plaintiffs Palaguachi, Radwan, and Payne. UPS does, however, need Plaintiff Santiago's supplemental responses if he is going to continue to litigate this case on an individual and/or class basis. Kindly provide supplemental responses for Plaintiff Santiago no later than **Monday, October 26, 2026**.

Pursuant to Fed. R. Civ. P. 37(a)(1), this is UPS's last good faith attempt to confer with Plaintiffs regarding their failure to provide discovery. If we do not receive Plaintiff Santiago's supplemental responses, or you do not contact us to discuss this discovery dispute by that date, UPS will seek Court intervention.

Thank you.

**Michael Westwood-Booth | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-385-1840
michael.westwood-booth@ogletree.com | www.ogletree.com | Bio

---

**From:** Westwood-Booth, Michael
**Sent:** Friday, September 25, 2026 2:09 PM
**To:** 'Tyrone Blackburn' <tblackburn@tablackburnlaw.com>
**Cc:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>; Russo, Anthony E. <anthony.russo@ogletreedeakins.com>
**Subject:** [Palaguachi] Discovery Deficiency Letter Follow-Up [ODNSS-OGL.040268.000131]

Good afternoon, Mr. Blackburn,

Plaintiffs have not responded to Defendant's discovery deficiency letter by the September 23 deadline, but we will extend that deadline until October 2, 2026 as a courtesy. Please provide Plaintiffs' responses by then, or Defendant will be forced to seek Court intervention without further notice.

Thank you.

**Michael Westwood-Booth | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-385-1840
michael.westwood-booth@ogletree.com | www.ogletree.com | Bio

---

**From:** Westwood-Booth, Michael
**Sent:** Wednesday, September 9, 2026 2:32 PM
**To:** 'Tyrone Blackburn' <tblackburn@tablackburnlaw.com>
**Cc:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>; Russo, Anthony E. <anthony.russo@ogletreedeakins.com>
**Subject:** [Palaguachi] Discovery Deficiency Letter [ODNSS-OGL.040268.000131]

Good afternoon, Mr. Blackburn,

Please find enclosed a discovery deficiency letter in the *Palaguachi* matter. Please do not hesitate to reach out to me if you have any questions.

Thank you.

**Michael Westwood-Booth | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-385-1840
michael.westwood-booth@ogletree.com | www.ogletree.com | Bio

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Monday, August 3, 2026 11:08 PM
**To:** Spyratou, Sophia <sophia.spyratou@ogletree.com>; Laura N. James <LJames@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Rodney Diggs <RDiggs@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Beyonca Alem <balem@mahoney-law.net>; Heather Palmore <heather@palmorelawgroup.com>; Kevin Mahoney Jr. <kjmahoney@mahoney-law.net>; Kevin Mahoney <kmahoney@mahoney-law.net>; Heather Palmore <ladylawher@gmail.com>
**Cc:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>; Russo, Anthony E. <anthony.russo@ogletreedeakins.com>; Westwood-Booth, Michael <Michael.Westwood-Booth@ogletreedeakins.com>; Smith, Farah <farah.smith@ogletreedeakins.com>
**Subject:** Re: Palaguachi v. UPS - Discovery Requests attached.

***[Caution: Email received from external source]***

---

See attached, Plaintiffs' response to defendants' discovery request.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

---

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed

to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Tue, May 5, 2026 at 3:42 PM Spyratou, Sophia <sophia.spyratou@ogletree.com> wrote:

***SENT ON BEHALF OF LESLIE A. LAJEWSKI, ESQ.***

Dear Mr. Blackburn,

On behalf of Defendant United Parcel Service, please find attached Defendant's discovery requests, which include Defendant's First Interrogatories to Plaintiff Robert Santiago, Defendant's First Requests for the Production of Documents to Plaintiff Robert Santiago, and Defendant's First Requests for Admissions to Plaintiffs Ahmed Radwan, Robert Santiago, Carlos Palaguachi, and Warren Payne, respectively.

Thank you.

**Sophia Spyratou | Practice Assistant | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-630-2317
sophia.spyratou@ogletree.com | www.ogletree.com

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: 973.656.1600
Facsimile: 973.656.1611
www.ogletree.com

Michael Westwood-Booth
(973) 385-1840
Michael.Westwood-Booth@ogletree.com

**DISCOVERY DEFICIENCY LETTER**

September 9, 2026

**Via E-Mail**
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236

**RE:** **Carlos Palaguachi, et al. v. United Parcel Service, Inc.**
Civ. Action No.: 1:25-cv-05548-DG-CHK

Mr. Blackburn:

On August 3, 2026, UPS received Plaintiff Robert Santiago's responses to Defendant United Parcel Service's ("UPS") (1) First Request for Production of Documents (the "Document Requests") and (2) First Set of Interrogatories (the "Interrogatories"); as well as Plaintiff Robert Santiago, Ahmed Radwan, Carlos Palaguachi, and Warren Payne (collectively, "Plaintiffs") Responses to UPS's First Request for Admissions (the "Request for Admissions") (collectively "Discovery Responses").

As explained below, each Plaintiffs' Discovery Responses are deficient. Please serve complete responses and accompanying responsive materials no later than September 23, 2026. If these deficiencies are not cured by that date, UPS will be forced to seek appropriate relief from the Court without further consultation.

**Plaintiffs' Discovery Failures**

To give Plaintiffs' deficient Discovery Responses the appropriate context, they are the latest of Plaintiffs' repeated failures to prosecute this matter in compliance with the Federal Rules of Civil Procedure and Court-mandated deadlines. The history of Plaintiffs' failures is set forth below.

On February 27, 2026, the parties submitted to the Court a joint proposed discovery schedule. In it, the parties agreed to conduct phased discovery, with "Phase 1" discovery addressing the appropriateness of class certification and permitting discovery related to: (1) the nature of the Plaintiffs' individual claims; (2) the specific policies and practices that the Plaintiffs alleged were unlawful and common to the putative class members, including whether and when such practices and procedures were in place and to what extent; and (3) the total number of members within the putative

class. On April 2, 2026, the Court entered an order, among other things, setting the deadline for *all Phase 1 discovery to conclude* by July 15, 2026.

On May 5, 2026, UPS served its Documents Requests and Interrogatories on Santiago, and its Requests for Admissions on each of the four Named Plaintiffs; responses were due on June 4, 2026. Plaintiffs' counsel confirmed receipt that day. On May 26, 2026, counsel promised responses "to the defendants' [Requests for Admissions] directed at the plaintiffs in the coming hour. I am waiting to receive responses from two of my clients before sending them. I am providing this notice as we approach 12 am, and I may be a few hours late sending the responses." No responses were served by June 4, and counsel's email said nothing about when UPS would also receive responses to its Interrogatories and Document Requests.

On June 8, 2026, UPS's counsel emailed Plaintiffs' counsel and notified him that UPS's Requests for Admissions to the Named Plaintiffs were now deemed admitted, and also asked when UPS would receive Santiago's Answers to Interrogatories and Document Requests. Plaintiffs' counsel never responded to that email. Plaintiffs also never served discovery requests or deposition notices on UPS at any time, much less before the July 15 Phase 1 discovery deadline.

On June 15, 2026, UPS noticed Santiago's deposition for July 15, 2026, and for his convenience, offered to host the deposition at the undersigned's Manhattan office. UPS followed up with Plaintiffs' counsel on July 6, July 8, and July 13 to confirm Santiago's deposition. Only on July 13 did Plaintiffs' counsel respond, stating Santiago's deposition would need to be rescheduled to July 28, after the Phase 1 discovery deadline. Counsel for UPS responded that day, indicating that UPS would reschedule Santiago's deposition to July 28, at his request.

On July 14, 2026, UPS filed a status letter informing the Court that Plaintiffs had neither served discovery requests on UPS nor responded to UPS' Discovery Requests and noted that it only consented to conducting Santiago's deposition on July 28, not a wholesale extension of discovery. On July 20, Plaintiffs responded, requesting an open-ended extension to respond to UPS's Discovery Requests. On July 21, UPS responded, and strongly opposed Plaintiffs' open-ended discovery extension request, as Plaintiffs had no good faith reason to excuse their failure to provide Discovery Responses.

On July 23, 2026, the Court entered an order that extended Phase 1 discovery through August 3, 2026 "for the limited purpose of taking the deposition of Plaintiff Santiago and allowing plaintiffs to respond to defendant's discovery requests […] If Plaintiffs fail to respond to defendant's discovery requests by August 3, 2026, the overdue requests for admission will be deemed admitted and plaintiffs may be precluded from introducing undisclosed responsive documents and information at a later point in this litigation."

On July 27, 2026, UPS's counsel contacted Plaintiffs' counsel to confirm Santiago's deposition, scheduled for the following day. Upon returning that call, Plaintiffs' counsel indicated that *Plaintiff Palaguachi* was sick with the flu, and could not attend tomorrow's deposition. UPS's counsel reiterated that UPS had noticed Santiago's deposition, not Palaguachi's, causing Plaintiffs' counsel to state he would need to "call back." Plaintiffs' counsel did not do so. On July 28, neither

Plaintiffs' counsel nor Santiago attended Santiago's deposition. Plaintiffs' counsel also did not respond to the email and two phone calls from UPS's counsel informing Plaintiffs that UPS would hold the deposition open until 11:00 a.m. After receiving no response, UPS ended the deposition at 11:00 a.m.

On Thursday, July 30, 2026, Plaintiffs' counsel contacted UPS's counsel to state that Santiago could be deposed on August 4, which was after the Phase 1 discovery deadline. After UPS's counsel reminder Plaintiffs' counsel that August 4 was after the Phase 1 discovery deadline, Plaintiffs' counsel stated that Santiago could be deposed on Monday, August 3. UPS responded that it was unavailable to take Santiago's deposition on that date due to the short notice.

Subsequently, and almost two months after the original June 4 deadline, Plaintiffs served their Discovery Responses on August 3. As explained below, Plaintiffs' "responses" comply with the Court's limited deadline extension in form only; they are substantively deficient to a significant degree, and no responsive document production accompanied them at all.

**<u>Plaintiff Santiago's Responses to Document Requests</u>**

1. **<u>Document Request No. 1</u>** sought documents concerning Santiago's allegations that UPS violated New York law. Santiago objects that the request is overbroad and not proportional, but states "if any responsive documents exist[], Plaintiff will produce non-privileged documents in his possession, custody, or control…" This response is insufficient.

First, the response admits that Plaintiffs have conducted no search for responsive materials at all in violation of Rule 26 and 34. *Gardner-Alfred v. FRB of N.Y.*, 2023 WL 3495091, at *15 (S.D.N.Y. May 17, 2023) ("Under Rules 26 and 24, 'parties [must] conduct a reasonable search for documents that are relevant to the claims and defenses' and parties 'have an affirmative obligation to search for documents which they may use to support their claims or defenses, unless the use would be solely for impeachment.'") (quoting *Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022))); *see also In re Ski Train Fire of November 11, 2000 Kaprun Aus.*, 2006 WL 1328259, at *5 (S.D.N.Y. May 16, 2006) ("It is axiomatic that a party is obliged to produce in response to document requests responsive documents that are in its 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 34(a)). Plaintiffs have been suing UPS based on the instant claims *for more than six years*; their admission that they have not conducted any search for relevant document is patently unacceptable.

Second, the response fails to provide any responsive documents, acknowledge whether such relevant documents exist, and improperly avers that any such documents may be produced at an unspecified later time. If the responding party intends to produce the requested materials, Rule 34(b)(2)(B) requires that, "the production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." The deadlines for production set by Rule 34 and the requests themselves have passed, and so has the deadline to conduct Phase 1 discovery. Santiago has produced no documents in response to any Document Request, and his intention to produce them later is improper. *See Wright v. Rochester Sportfishing, Inc.*, 2025 U.S. Dist. LEXIS 66173, at *12 (W.D.N.Y. Apr. 7, 2025) ("Mere willingness to produce documents at

some latter, unspecified time without then either forwarding copies of those documents or stating when that disclosure would occur does not satisfy Rule 34") (internal citation omitted); *Venticinque v. Back to Nature Food Co. LLC.*, 2025 U.S. Dist. LEXIS 30334, at *4 (S.D.N.Y. Feb. 18, 2025) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond.") (citation omitted); *see also Chow v. Sentosacare, LLC*, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) ("[T]o the extent defendants intend to produce documents, it was required either to produce them on the date it served responses or provide a date on which it would make a production and the form that production would take.") (quotation and original alterations omitted).

Santiago's responses to Document Requests Nos. 2, 15, and 37 also admit that no reasonable search was conducted, and his response to Document Requests Nos. 2, 15, 36, and 37 also improperly offer to produce any located, responsive materials at an unspecified later time. They are also deficient for these same reasons. Please identify, Bates-label, and produce all documents that are responsive to these Requests or confirm that no responsive documents exist.

2. **<u>Document Request Nos. 3-5</u>** sought all documents that were (1) "identified or described in your Answers to Interrogatories"; (2) "reviewed, relied upon, or used in developing or preparing the Complaint"; and (3) "support or refute the allegations in the Complaint." In response to each, Santiago states that "Plaintiff is not in possess [sic] of any responsive documents…" That response appears patently false.

The Complaint references several documents purportedly supporting Plaintiffs' allegations, including: (1) UPS's job description for Delivery Drivers (Complaint, ¶ 50) and (2) text messages concerning "drivers requesting payment for stolen overtime and straight time, sent to former UPS Employee and On-Road Supervisor Fari Murray." (*Id.* at ¶¶ 127-129). Santiago's Answers to Interrogatories further reference responsive documents that have not been produced, including:

- Santiago's "formal complaint to his on-road supervisor regarding the timekeeping issues at issue in this case" and text messages detailing complaints made by the other Plaintiffs (Interrogatory Answer No. 3);
- "text messages with supervisors or other drivers regarding his hours or timekeeping" on Santiago's personal phone (Interrogatory Answer No. 6);
- "[s]tatements by William Grey and other managers directing Plaintiff and other drivers to falsify delivery records and conceal automobile accidents, as alleged in the Complaint" and "[t]he text message exchanges referenced in paragraphs 125–129 of the Complaint, [to] supervisor Fari Murray" (Interrogatory Answer No. 10); and
- Santiago's communications "with on-road supervisors regarding missing hours and requested timecard corrections during his employment" (Interrogatory Answer No. 12).

Please identify, Bates-label, and produce all documents that are responsive to these Requests including, but not limited to, the documents referenced above or confirm that no responsive documents exist.

3. **Document Request Nos. 13-14** respectively sought "documents, correspondence, and communications" related to (1) "the facts alleged in the Complaint, your claims, your alleged damages, or UPS's defenses" and (2) prior matters brought by the Plaintiffs against UPS. In response, Santiago states, in part, that "Plaintiff is not in possession of any responsive documents…" That response also appears patently false.

Santiago's Answer to Interrogatory No. 12 admits that he "communicated with on-road supervisors regarding missing hours and requested timecard corrections during his employment. Plaintiff will conduct a reasonable search of any electronic records in his possession and will produce any non-privileged responsive communications as part of his document production. Plaintiff refers Defendant to the representative text message exchanges in paragraphs 125–129 of the Complaint."

Based on Santiago's Answer to Interrogatory No. 12, Santiago thus not only has engaged in communications responsive to these Requests, but such communications also appear to be within his possession, custody, or control and must be produced to UPS. Please identify, Bates-label, and produce all documents that are responsive to these Requests including, but not limited to, the documents referenced above. If Santiago has deleted, or caused to be lost or destroyed, those materials, he must state so with specificity.

4. **Confirm Responses to Remaining Document Requests**. Santiago responds that he possesses no responsive materials concerning: documents identified in his interrogatory answers (Document Request No. 3); documents reviewed or relied upon in preparing the Complaint (No. 4); documents supporting or refuting the Complaint's allegations (No. 5); communications with third parties, co-Plaintiffs, or current or former UPS employees concerning the claims or defenses (No. 6); witness statements, declarations, recordings, or related materials (No. 7); records concerning his own UPS employment, compensation, hours, complaints, and communications (No. 8); documents supporting his damages (No. 10); releases, settlements, grievances, or other instruments potentially affecting UPS's liability (Nos. 11–12); notes, photographs, recordings, emails, texts, social-media content, and other communications concerning the allegations, claims, damages, or defenses (No. 13); communications concerning the Plaintiffs' prior related lawsuits against UPS (No. 14); proposed trial exhibits (No. 16); documents concerning attorneys' fees and litigation costs (Nos. 17–18); records concerning his timekeeping, hours, alleged time-shaving, GTS adjustments, wage statements, and overtime (Nos. 19–20); communications about missing time, timecard corrections, or instructions to falsify driving records (Nos. 21–22); his pay statements, wage notices, and payroll records (No. 23); materials supporting his assertion that UPS failed to pay all hours worked (No. 24); recoveries, settlements, depositions, or arbitration testimony in other wage-and-hour matters against UPS (Nos. 25–26); contracts or agreements with UPS (No. 27); communications with other Plaintiffs or putative class members about UPS's timekeeping and compensation practices (No. 28); route sheets, personal logs, photographs, or map screenshots recording his work (No. 29); UPS policies, training, or guidance allegedly permitting time-shaving, falsification, or inaccurate wage statements (No. 30); responsive social-media content (No. 31); communications with governmental agencies concerning

his hours, wages, or claims (No. 32); communications with any person concerning the Complaint's allegations (No. 33); and communications concerning this lawsuit itself (No. 34). Please confirm that these responses, indicating that Plaintiffs have no responsive materials, are accurate.

**Plaintiff Santiago's Answers to Interrogatories**

1. **Interrogatory Nos. 2, 11** respectively seek the names of individuals who (1) have provided Santiago with information for the Complaint, as well as Plaintiffs' claims and damages, and UPS's defenses and (2) have knowledge of the "Timekeeping Allegations" (as defined in the Interrogatories). In response to both Interrogatories, Santiago lists the names of certain individuals, but does not provide any of the sought-after contact information. In addition, Santiago's Answer to Interrogatory No. 11 fails to provide for each individual identified "the substance of his or her knowledge." Accordingly, please amend this Answer to provide the requested information.

2. **Interrogatory No. 3** seeks information related to complaints that Santiago or putative class members made to UPS regarding the timekeeping allegations. In response, Santiago sets forth that he and the putative class members made a complaint, both orally and via texts. However, Santiago fails to supply the date of the complaint, to whom it was made, or any responses to those complaints. Please supply this missing information for each complaint.

3. **Interrogatory No. 4** asks Santiago to "[i]dentify with particularity" how he calculates the hours he was not properly paid for. In response, Santiago provides an incomplete methodology for calculating purported damages, and states that "[t]he precise calculation will be determined through Defendant's records and, if appropriate, expert analysis. Plaintiff will supplement this response as discovery proceeds." Santiago makes no objection or other justification for withholding the complete methodology upon which his damage calculation is based, and he is able to explain fully his present damages calculation with an appropriate qualification that it may be revised after discovery. In addition, Santiago fails to provide any of "the time periods involved" in his calculations. Accordingly, his Answer must be amended to provide the requested information.

4. **Interrogatory No. 5** asks whether Santiago "ever discussed with any other UPS employee the Timekeeping Allegations at issue in this case." In response, Santiago acknowledges that he "discussed timekeeping issues with fellow delivery drivers and with on-road supervisor Fari Murray…" and states that "Plaintiff will identify specific individuals and additional details ***as discovery proceeds***." (*emphasis added*). Santiago's Answer violates Rule 33, which states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Santiago has provided no objection to this Interrogatory, and no reason for which he has failed to provide the names of the specific individuals referenced. Accordingly, please amend this Answer to provide the requested information, including the identity of individuals with whom Santiago spoke.

5. **Interrogatory Nos. 6, 12** respectively seeks (1) "all means by which you discussed, recorded, tracked, or otherwise memorialized the events alleged in your Complaint…," and (2) whether Santiago has texted or communicated with UPS supervisors or managers about the Timekeeping allegations. Santiago's Answer to Interrogatory 6 states that "[t]o the extent Plaintiff sent or received text messages with supervisors or other drivers regarding his hours or timekeeping,

those communications were on his personal mobile device. Plaintiff will conduct a reasonable search for such materials and will produce any non-privileged responsive documents." Likewise, Santiago's Answer to Interrogatory 12 states he affirmatively communicated with on-road supervisors regarding these issues but supplies none of the requested information regarding these communications. Rather, Santiago avers he "will conduct a reasonable search of any electronic records in his possession and will produce any non-privileged responsive communications as part of his document production." Both Answers are deficient because they fail to supply all requested information. Further, to the extent either Answer intends to respond under Rule 33(d), both Answers admit that Plaintiff has not completed a reasonable search for responsive documents, including responsive text messages, and Santiago has produced no documents in response to any of UPS's Discovery Requests. Please revise these answers to supply the requested information.

6. **Interrogatory No. 7** asks for social media sites on which Santiago was a member from 2017 to the present, his profile information for same, and posts or other communications on social media "relating to your employment with UPS, the Timekeeping Allegations at issue in this case, including any discussions about GTS manipulation, time-shaving, missing overtime, or requests to "fix" timecards, failure to reimburse for costs associated with personal vehicle usage, or any of the allegations contained in the Complaint." In response, Santiago objects to the Interrogatory as overbroad, acknowledges that his social media profiles "include Facebook and Instagram" and states that he "is not aware of any public or private social media posts relating specifically to GTS manipulation, timekeeping issues, his NYLL claims, or his UPS wages." However, Santiago fails to provide (1) a full list of social media sites on which he had a profile between 2017 and the present; (2) his profile information for each such site; and (3) any posts or other communications on such sites "relating to [his] employment with UPS." Accordingly, this answer must be amended to provide the requested information.

7. **Interrogatory No. 15** asks for instances in which Santiago's timecard was altered without authorization, the date of such instance(s), the manager(s) responsible, how Santiago learned of this information, and any documents establishing such an alteration. In response, Santiago states that

> …during his employment, his timecards were altered on a regular and recurring basis — typically weekly — in which UPS managers or supervisors reduced his recorded hours without his knowledge or consent. He became aware of these alterations through discrepancies between hours worked and hours reflected on pay stubs and communicated about these discrepancies with supervisors. Plaintiff will provide greater specificity once UPS's GTS records are produced in discovery.

Santiago's answer is insufficient because it fails to identify any specific instances of alteration or individuals responsible for such alteration(s). As noted above, Rule 33 does not permit Santiago to withhold information supportive of his claim until further discovery is conducted. Accordingly, please amend Santiago's Answer to this Interrogatory to provide the requested information.

**All Plaintiffs' Responses to Requests for Admissions**

As an initial matter, Plaintiffs' responses to Requests Nos. 6, 30, 34, 36, 39, 41, 50 – 53, 64, 66, 71, 72, 74, 82, 86, and 91 substantively rephrase and/or omit essential content of the Request for Admission, thereby, failing to admit or deny the Requests as proposed. For example:

> **Request No. 64** requests that Plaintiffs admit that "the 2018 Master CBA, Article 16, contained a 'Paid for Time' provision *that states all 'employees covered by this Agreement shall be paid for all time spent in service of the Employer.'"*
>
> **Plaintiffs' Response** is to "Admit that the 2018 Master CBA, Article 16, contained a 'Paid for Time' provision *requiring compensation from registration in until release from duty."*
>
> **Request No. 66** requests that Plaintiffs admit that "*the 2018 Master CBA, Article 16, requires UPS only to pay wages to Plaintiff for time that is "in service of the Employer."*
>
> **Plaintiffs' Response** is to "Admit that *resolving Plaintiff's minimum wage, straight-time, and overtime claims requires reference to and interpretation of the 2018 Master CBA.*"

Clearly, Plaintiffs' unilateral rephrasing of these Requests does not admit or deny the Requests as proposed. This tactic to avoid admitting the Requests, as written, is completely improper under Rule 36. Please revise Plaintiffs' responses to either admit or deny the exact text of Requests for Admission Nos. 6, 30, 34, 36, 39, 41, 50-53, 64, 66, 71, 72, 74, 82, 86, and 91.

1. **Request for Admission Nos. 17, 18, 41, 42** are evasive and fail to supply the specific information sought by the Request. Each Plaintiff must admit or deny whether: (No. 17) *Moyle* invoked § 205(a) to specifically relate its timeliness back to *Murray*, without discussion of whether that invocation was legally effective; (No. 18) *Moyle* was specifically commenced as a § 205(a) recommencement of *Murray,* and any qualifications concerning independently timely claims must be explained separately in a way that does not impede or evade that response; (No. 41) *Palaguachi* invokes § 205(a) specifically to relate its timeliness back to *Moyle*; and (No. 42) *Palaguachi* was specifically commenced as a § 205(a) recommencement of *Moyle*, and separately stating any disagreement about the statute's ultimate legal effect so as not to impede or evade the response.

2. **Request for Admission Nos. 56 and 57** are evasive. Both responses improperly decline to admit or deny the Request because it allegedly calls for a legal conclusion. However, Rule 36 permits UPS to ask Plaintiffs to apply the law to a factual scenario, which is what UPS has done here – each Request asks Plaintiffs to apply a six-year period to identified dates relevant to CPLR § 205(a). Plaintiffs must separately admit or deny the stated date-and-period proposition in each Request. Accordingly, please revise Plaintiffs' response to admit or deny these Requests.

3. **Request for Admission Nos. 66 – 70** are evasive. As mentioned above, Plaintiffs completely rephrase Request No. 66, and do not answer its original content, whether "the 2018 Master CBA, Article 16, requires UPS only to pay wages to Plaintiff for time that is 'in service of the Employer.'"

Requests No. 67 – 70 respectively seek Plaintiff to admit or deny whether the resolution of Plaintiffs' minimum wage, straight time, and overtime claims requires reference to an interpretation of 2018 Master CBA provisions that make compensation contingent on (Nos. 67 and 68) whether the time in question was "spent in service to the Employer; (No. 69) whether Plaintiffs were "ordered to report to work and registers in;" and (No. 70) whether the time in question was after Plaintiffs were "effectively released from duty."

In response to each Request, Plaintiffs pose a uniform objection that the Requests call for a "legal conclusion regarding LMRA preemption – specifically, whether Plaintiff's NYLL claims are 'inextricably intertwined,' with the CBA such that resolution requires CBA interpretation. This is the central legal issue in Defendant's pending Motion to Dismiss, which Judge Brodie previously rejected on substantially identical arguments in the Murray Matter. Plaintiff DENIES each of these requests. Plaintiff's NYLL claims are independent statutory rights that do not require CBA interpretation." This Response is improper for multiple reasons.

Initially, Rule 36 permits UPS to ask the Plaintiffs to admit or deny the application of a law to a factual scenario. UPS has done that here, yet Plaintiffs have failed to answer any factual component of these Requests – Plaintiffs' response is improperly grouped, and does not respond to the substance of each separate Request at all. Plaintiffs' bare denial, which is accompanied only by an improper legal conclusion about the independence of NYLL claims, does not explain how the compensation owed to Plaintiffs pursuant to the CBA can be resolved without reference to the CBA.

Additionally, Plaintiffs' averments that LMRA is a "central legal issue in Defendant's pending Motion to Dismiss" and that this was "rejected by Judge Brodie," do not excuse Plaintiffs' failure to Respond. UPS have not moved to dismiss Plaintiffs' Complaint based on LMRA preemption. Further, the *Murray* plaintiffs were on-road supervisors who alleged they *were not* required to punch in and out; the *Palaguachi* Plaintiffs are delivery drivers who allege they *were* required to punch in and out using UPS timeclock systems. This places the compensability of the allegedly unpaid hours directly at issue. Plaintiffs must revise their Responses to these Requests accordingly.

4. **<u>Requests for Admission Nos. 74 – 78 and 82 – 85</u>** are evasive. Plaintiffs' Responses to Requests Nos. 74 – 78 use the term "contractual rate," and aver that Plaintiffs cannot provide this response because of alleged wage-statement inaccuracies and alleged time shaving.

Plaintiffs' refusal to answer is based on a false premise. These Requests seek information related to whether the rate paid to Plaintiffs was above the relevant New York State minimum wage at the time of pay. Even if the Plaintiffs' wage statements were inaccurate and failed to include all time worked, those unpaid hours would have nonetheless been paid at the same rate. Plaintiffs thus are able to respond whether that rate was below or above the relevant New York State minimum wage despite their objections, but have not done so.

The Responses also fail to supply an admission or denial based on the actual content of the: (i) wage rate(s) set forth in the CBA, (ii) wage rate(s) displayed on Plaintiffs' wage statements, (iii) wage rate actually paid reflected on their pay stubs or wage statements, and (iv) each Plaintiffs' personal awareness of same. Each response must state whether the applicable numeric rate directly

reflected in each identified source exceeded the relevant New York minimum wage or 1.5-times minimum wage threshold at all relevant times, and if not, when and how. Plaintiffs may separately state any objection regarding disputed hours, timekeeping, wage-statement accuracy, or legal consequences, but those disputes cannot impede or evade a direct answer to whether the stated rates contained in the aforementioned sources exceed the applicable New York minimum wage rate at the time.

5. **<u>Plaintiffs' responses to Requests Nos. 91 – 94</u>** are evasive. As mentioned above, Plaintiffs completely rephrase Request 91 and no Plaintiff responds to this Request.

Plaintiffs' Responses to Requests Nos. 92 – 94 likewise do not supply the requested information; all responses instead aver that counsel "communicated information" or that Plaintiff was "made aware" of the Rule 11 motion, and do not admit or deny whether each plaintiff was (No. 92) actually shown a copy of the draft motion for sanctions; (No. 93) received a copy of the draft motion for sanctions; and (No. 94) read a copy of the draft motion for sanctions.

As to Request No. 94, each Plaintiff states he "lacks sufficient information to admit or deny whether he personally read the complete text of the draft motion, and therefore denies [this request]. Each Plaintiff knows if he did or did not read some or all of the draft motion for sanctions; if a Plaintiff cannot remember whether he read the motion, the response must so state to comply with Rule 36.

Please serve amended Responses to UPS's Requests for Admission by September 23, 2026. If you have any questions, please contact our office. Thank you for your anticipated compliance.

Very truly yours,

*<u>/s/Michael Westwood-Booth</u>*

Michael Westwood-Booth, Esq.

MWB:aer